SUPREME COURT OF ARIZONA
En Banc

| | | |
|---|---|---|
| STATE OF ARIZONA, | ) | Arizona Supreme Court |
| | ) | No.  CR-10-0089-PR |
| | ) | |
| Appellee, | ) | Court of Appeals |
| | ) | Division Two |
| | ) | Nos.  2 CA-CR 08-0405 |
| | ) | 2 CA-CR 08-0406 |
| v. | ) | (Consolidated) |
| | ) | |
| | ) | Pima County |
| | ) | Superior Court |
| JESUS HUMBERTO SOTO, | ) | Nos.  CR20031147 |
| | ) | CR20040081 |
| | ) | |
| Appellant. | ) | **O P I N I O N** |
| _____ | ) | |

Appeal from the Superior Court in Pima County
The Honorable John S. Leonardo, Judge
_____

Opinion of the Court of Appeals, Division Two
223 Ariz. 407, 224 P.3d 223 (2010)

**OPINION VACATED; APPEALS REINSTATED;
REMANDED**
_____

TERRY GODDARD, ARIZONA ATTORNEY GENERAL                    Phoenix
     By   Kent E. Cattani, Chief Counsel,
          Capital Litigation Section
          Laura Chiasson, Assistant Attorney General     Tucson
Attorneys for State of Arizona

ISABEL G. GARCIA, PIMA COUNTY LEGAL DEFENDER              Tucson
     By   Robb P. Holmes, Assistant Legal Defender
Attorneys for Jesus Humberto Soto
_____

**B E R C H**, Chief Justice

¶1      We  granted  review  in  this  case  to  determine  the
constitutionality of Arizona Revised Statutes ("A.R.S.") section

13-4033(C) (2010).  Since we granted review, the State has conceded that the statute does not apply to the Defendant's cases.  We therefore vacate the opinion of the court of appeals.

¶2          Soto was convicted in two cases in 2004.  He absconded before sentencing and was not returned to custody until October 2008.  He was subsequently sentenced on December 1, 2008.  On September 26, 2008, just before Soto's return to custody, A.R.S. § 13-4033(C) became effective.  *See* 2008 Ariz. Sess. Laws, ch. 25, § 1 (2d Reg. Sess.).  That subsection prohibits a defendant from appealing a final judgment of conviction "if the defendant's absence prevents sentencing from occurring within ninety days after conviction."  A.R.S. § 13-4033(C).

¶3          Soto appealed his convictions.  After initially dismissing the appeals, the court of appeals reconsidered, reinstated the appeals, and held that § 13-4033(C) unconstitutionally infringed Soto's right to an appeal under Article 2, § 24 of the Arizona Constitution.  The State sought review.  We granted review and asked the parties to address in their supplemental briefs whether § 13-4033 applies retroactively to defendants convicted before its effective date.

¶4          In its supplemental briefing, the State conceded for the first time that § 13-4033 does not apply to Soto, correctly reasoning that the statute does not apply to persons who were returned to custody within ninety days of September 26, 2008.

¶5        Based on the State's concession that A.R.S. § 13-4033(C) does not apply to Soto, we decline to rule on any constitutional or retroactivity issues this case might have presented.  *See Sch. Dist. No. 26 of Yuma Cnty. v. Strohm*, 106 Ariz. 7, 9, 469 P.2d 826, 828 (1970) (noting that "Constitutional issues will not be determined unless squarely presented in a justiciable controversy, or unless a decision is absolutely necessary in order to determine the merits of the suit" (citations omitted)).  We therefore affirm the denial of the State's motion to dismiss the appeals, vacate the opinion of the court of appeals, and remand this case to the court of appeals for further proceedings.


_____
Rebecca White Berch, Chief Justice

CONCURRING:


_____
Andrew D. Hurwitz, Vice Chief Justice


_____
W. Scott Bales, Justice


_____
A. John Pelander, Justice


_____
Michael D. Ryan, Justice (Retired)*

- 3 -

*Pursuant to Article 6, Section 3 of the Arizona Constitution, the Honorable Michael D. Ryan, Retired Justice of the Supreme Court of Arizona, was designated to sit on this matter.