253 P.3d 279

**The STATE of Arizona, Appellee,**

v.

**Edward Porter BOLDING, Appellant.**

**No. 2 CA–CR 2010–0088.**

Court of Appeals of Arizona,
Division 2, Department A.

April 12, 2011.

---

Thomas C. Horne, Arizona Attorney General By Diane Leigh Hunt, Tucson, Attorneys for Appellee.

Robert J. Hirsh, Pima County Public Defender By David J. Euchner, Tucson, Attorneys for Appellant.

## OPINION

ESPINOSA, Judge.

¶ 1 The State of Arizona has filed a motion pursuant to A.R.S. § 13–4033(C) to dismiss defendant Edward Bolding's appeal of criminal convictions from a December 2008 jury trial. We are asked to decide whether § 13–4033(C), which bars a defendant from appealing a final judgment of conviction if the defendant by his absence has delayed sentencing for longer than ninety days, applies to a person who committed offenses before the effective date of this subsection of the statute but was tried and found guilty after that date. Although we conclude the statute applies to Bolding, for the reasons stated below, we deny the state's motion.

## Background

¶ 2 A jury found Bolding guilty after his December 2008 jury trial of two counts of fraudulent schemes and artifices and one count of obstructing a criminal investigation or prosecution, based on offenses committed between December 1991 and, at the latest, November 2004. Bolding did not appear for the announcement of the verdicts and the trial court issued a warrant for his arrest. He was arrested on June 20, 2009, and appeared in court on June 23. He was sentenced on October 13, 2009, to concurrent, enhanced, presumptive prison terms, but successfully moved to vacate the convictions pursuant to Rule 24.2, Ariz. R.Crim. P., because he had been facing a sentence that potentially could exceed thirty years' imprisonment and had been tried by an eight-person rather than twelve-person jury. The state appealed the court's order granting the motion but the parties subsequently stipulated that jurisdiction of the case be revested in the trial court so it could consider the implications of the supreme court's decision in *State v. Soliz*, 223 Ariz. 116, 219 P.3d 1045 (2009). Thereafter, the state withdrew its sentence-enhancement allegations and the trial court vacated, in part, its earlier order granting the motion to vacate the convictions and set the matter for a new sentencing hearing. On March 1, 2010, Bolding was sentenced to concurrent, presumptive prison terms on counts one and three and a modified sentence on count two, with a probationary period to commence after he completes the prison terms. Bolding appealed.

## Discussion

¶ 3 In the state's motion to dismiss Bolding's appeal, it contends that under § 13–4033(C) this court lacks jurisdiction of arguments I through III in his opening brief, which relate to the propriety of the verdicts, on the ground that he delayed the sentencing for longer than ninety days by absconding.[1] Section 13–4033(C) provides, in relevant part, "[a] defendant may not appeal" a "final judgment of conviction ... if the defendant's absence prevents sentencing from occurring within ninety days after conviction and the defendant fails to prove by clear and convincing evidence at the time of sentencing that the absence was involuntary." The new provision became effective on September 26, 2008, about two months before Bolding's trial. *See* 2008 Ariz. Sess. Laws, ch. 25, § 1; *see also* Ariz. Const. art. IV, pt. 1, § 1(3) (laws effective ninety days after close of legislative session).

¶ 4 Bolding contends in his response to the state's motion that the amended statute does

---

1. The state concedes this court has jurisdiction to address argument IV of the opening brief, which relates solely to the sentences.

not apply to him. He relies on this court's vacated decision in *State v. Soto*, 223 Ariz. 407, 224 P.3d 223 (App.2010) (*Soto I*), arguing that, although the supreme court vacated it, *see State v. Soto*, 225 Ariz. 532, 241 P.3d 896 (2010) (*Soto II*), the court did so because of concessions the state had made while the case was on review, insisting the supreme court "in no way invalidated" our decision in *Soto*. Thus, he contends the statute, as applied to him, "unconstitutionally abrogates his right to appeal, guaranteed by the Arizona Constitution," violates the prohibition against the enactment of ex post facto laws, the separation of powers doctrine, and due process by requiring him to prove by clear and convincing evidence his absence had been involuntary. He also contends he did not waive his right to appeal "through a valid *Boykin*[2] procedure and received no warning, pursuant to Rule 9.1, Ariz. R.Crim. P., that failure to appear at any stage in the proceedings could result in a waiver of his right to appeal."

▮ ¶ 5 The issues the state and Bolding have raised require us to interpret and determine the applicability and constitutionality of a statute—a question of law we review de novo. *See State v. Roque*, 213 Ariz. 193, ¶ 89, 141 P.3d 368, 392 (2006) (claims concerning constitutionality of statutes reviewed de novo); *Zamora v. Reinstein*, 185 Ariz. 272, 275, 915 P.2d 1227, 1230 (1996) (interpretation of statute question of law subject to de novo review). "[O]ur duty in interpreting statutes is 'to give effect to the legislature's intent' and when the 'statute's language is plain and unambiguous, we look no further.'" *State v. Miller*, 226 Ariz. 190, ¶ 12, 245 P.3d 454, 456 (App.2011), *quoting State v. Hinden*, 224 Ariz. 508, ¶ 9, 233 P.3d 621, 623 (App. 2010).

¶ 6 As Bolding points out, in *Soto I* we concluded § 13–4033(C) did not apply to the defendant in that case so as to deprive him of the right to appeal, even though he had absconded after his trial. 223 Ariz. 407, ¶¶ 3, 5, 14, 224 P.3d at 224, 225, 227–28. We reasoned that although the clear language of the statute deprives an absconding defendant like Soto of the right to appeal if he delays

sentencing for longer than ninety days, it cannot be applied in a constitutional manner unless the defendant's "voluntary failure to appear timely for a sentencing hearing demonstrates a knowing, voluntary, and intelligent waiver of his constitutional right to appeal." *Id.* ¶ 14. We rejected the state's argument that trial courts may infer a defendant has waived his right to appeal from his mere absence and concluded the statute could not deprive Soto of his right to appeal because he did not have notice that his absence would result in the forfeiture of that right. *Id.* ¶¶ 15–20. We stated, "Soto's failure to appear for sentencing did not itself demonstrate a knowing, voluntary, and intelligent waiver" of his right to appeal, and denied the state's motion to dismiss. *Id.* ¶ 20.

¶ 7 Granting the state's petition for review of our decision, the supreme court directed the parties to address the question whether the amendment to the statute "applies retroactively to defendants convicted before its effective date." 225 Ariz. 532, ¶ 3, 241 P.3d at 896. The state then conceded for the first time that the statute did not apply to Soto. *Id.* ¶ 4. The supreme court commented, the state "correctly reason[ed] that the statute does not apply to persons who were returned to custody within ninety days of September 26, 2008," the effective date of the statute. *Id.* Presumably, the court agreed with the state because the earliest the statute could take effect was ninety days after its technical effective date; that is, there had to have been at the very least a ninety-day delay in sentencing for a conviction obtained on the effective date of the statute before it applied. The court added, "Based on the State's concession that A.R.S. § 13–4033(C) does not apply to Soto, we decline to rule on any constitutional or retroactivity issues this case might have presented." *Id.* ¶ 5. The court affirmed the denial of the state's motion to dismiss Soto's appeals in two causes, vacated our decision in *Soto I*, and remanded the case to this court to address the substance of Soto's appeals. *Id.*

---

**2.** *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct.     1709, 23 L.Ed.2d 274 (1969).

¶ 8 Thus, the supreme court's decision in *Soto II* left unanswered all questions relating to the constitutionality of the statute. The court did not decide whether the amended statute is applicable to a defendant like Bolding, who committed offenses before the statute's effective date, but was tried and found guilty, and absconded after the statute went into effect. We therefore must decide whether the statute applies to Bolding and if so, whether its application to him can be constitutional, given that he never was informed he would be deemed to have forfeited his right to a direct appeal if he "prevent[ed] sentencing from occurring within ninety days after conviction." § 13–4033(C).

¶ 9 We first address whether the statute applies to Bolding and, if so, whether it amounts to a retroactive application of substantive law. Any retroactive application of the statute would be problematic because the legislature did not provide that the amendment to § 13–4033 adding subsection (C) was to be applied retroactively and "[n]o law is 'retroactive unless expressly declared therein.' " *Garcia v. Browning*, 214 Ariz. 250, ¶ 7, 151 P.3d 533, 535 (2007), *quoting* A.R.S. § 1–244. To determine whether the statute is being applied retroactively, we examine first whether the new subsection was intended to regulate "primary conduct," that is, the criminal conduct that gave rise to the charges, or whether other conduct serves as the operative event for determining the subsection's applicability. *See id.* ¶¶ 12–14; *see generally State v. Aguilar*, 218 Ariz. 25, ¶¶ 27–33, 178 P.3d 497, 504–06 (App.2008) (distinguishing primary from secondary conduct for purposes of retroactivity analysis); *see also San Carlos Apache Tribe v. Superior Court*, 193 Ariz. 195, ¶ 15, 972 P.2d 179, 189 (1999) ("[L]egislation may not disturb vested substantive rights by retroactively changing the law that applies to completed events.").

▮ ¶ 10 As the court observed in *Garcia*, "the date of the offense is the operative event for retroactivity analysis when a new statute regulates primary conduct." 214 Ariz. 250,

¶ 14, 151 P.3d at 536. The court found that, as applied to the defendant's criminal conduct in that case, the changes in the statutes pertaining to self-defense "alter[ed] the legal consequences that attached to such conduct at the time it was committed, giving the statutes retroactive effect." *Id.* Bolding argues in his response to the state's motion to dismiss that the operative event for purposes of the statute is the date of his offenses and, therefore, the statute retroactively divests him of the vested right to appeal. We disagree.

¶ 11 Based on its plain language, § 13–4033(C) focuses on a criminal defendant's voluntary delay of sentencing after the defendant has been found guilty of an offense. Unlike the change in the justification-defense statutes, subsection (C) attaches new legal consequences to a defendant's absconding and delaying of sentencing upon conviction of an offense, not the conduct that gave rise to the charges. The statute became effective before Bolding's trial and well before he absconded and delayed sentencing for more than ninety days.[3] Therefore, the new subsection did not "change the legal consequence of events completed before the statute's enactment." *San Carlos Apache Tribe*, 193 Ariz. 195, ¶ 16, 972 P.2d at 189.

¶ 12 Similarly, because the statute is aimed at conduct committed after the effective date of the statute, its application to Bolding did not retroactively take from him a vested right, which the legislature may not do. *See State v. Montes*, 226 Ariz. 194, ¶ 11, 245 P.3d 879, 881 (2011). In *Montes*, our supreme court rejected a challenge to Senate Bill 1449, 2009 Ariz. Sess. Laws, ch. 190, §§ 1–2 (1st Reg. Sess.), which the legislature presumably enacted in response to *Garcia* to provide that the 2006 amendment to the self-defense statute was to be applied retroactively. The court reasoned, "the Legislature does not violate separation of powers when it acts to make a law retroactive without disturbing vested rights, overruling a court de-

---

**3.** Although the supreme court expressly did not decide in *Soto II* whether § 13–4033(C) is applicable retroactively, by accepting as correct the state's concession that it did not apply to Soto because he had been returned to custody within ninety days of the statute's effective date, it implicitly gave the statute prospective effect. The delay that became the operative period was that which followed the effective date of the statute, not the delay accruing before that point.

cision, or precluding judicial decisionmaking." *Id.* The court concluded that the retroactivity provision, which expanded defendants' rights, was a proper exercise of the legislature's lawmaking authority. *Id.* ¶¶ 13–16; *cf. State v. Murray,* 194 Ariz. 373, ¶¶ 6–7, 9, 982 P.2d 1287, 1288–89 (1999) (finding unconstitutional statute enacted in response to *State v. Tarango,* 185 Ariz. 208, 914 P.2d 1300 (1996)).

■ ¶ 13 Article II, § 24 of the Arizona Constitution provides that "[i]n criminal prosecutions, the accused shall have ... the right to appeal in all cases." Section 13–4033(A) codifies that right, specifying the kinds of orders that are appealable, and the Rules of Criminal Procedure set out the procedural means through which a defendant may assert it. *See* Ariz. R.Crim. P. 31.1 through 31.27. As § 13–4033(A)(1) provides, a defendant may appeal from a "final judgment of conviction." A judgment of conviction is final only when a verdict has been rendered, whether by jury or the trial court after a bench trial, and sentence has been "orally pronounced in open court and entered on the clerk's minutes." *State v. Glasscock,* 168 Ariz. 265, 267 n. 2, 812 P.2d 1083, 1085 n. 2 (App.1990) (emphasis omitted); *see also* Ariz. R.Crim. P. 26.16(a) ("The judgment of conviction and the sentence thereon are complete and valid as of the time of their oral pronouncement in open court."); *State v. Johnson,* 108 Ariz. 116, 118, 493 P.2d 498, 500 (1972) (judgment complete after oral pronouncement and entry in minutes); *cf. State v. Van Arsdale,* 133 Ariz. 579, 580, 653 P.2d 36, 37 (App.1982) (acknowledging "as a general proposition, appeals are governed by statutes in effect at the time that judgments are entered").

¶ 14 As previously explained, the operative event for determining the statute's applicability is not the commission of the offense but the delay of sentencing. Not only had that event occurred after the effective date of the statute, but the jury had rendered its guilty verdicts, the first judgment of conviction was entered, and the notice of appeal was timely filed in November 2009. *See* Ariz. R.Crim. P. 31.3 (notice of appeal must be filed "within 20 days after the entry of judgment and sentence"). The statute had been in effect

for over a year before the October sentencing and a year and half before the second sentencing in March 2010. Thus, Bolding has not established the statute retroactively divested him of a vested right. *Cf. Hall v. A.N.R. Freight Sys., Inc.,* 149 Ariz. 130, 131–32, 138–40, 717 P.2d 434, 435–36, 442–44 (1986) (distinguishing accrual from vesting of right; concluding defendant had no vested right in substantive law existing at time of event forming basis for action but inchoate right because statute eliminating contributory negligence as bar to tort recovery and adopting comparative negligence became effective before lawsuit filed); *Steinfeld v. Nielsen,* 15 Ariz. 424, 465, 139 P. 879, 896 (1913) (concluding until holder of accrued right chooses to assert it, right can be prevented from vesting by change in law; recognizing rights " 'are contingent[ ] when they are only to come into existence on an event or condition which may not happen or be performed until some other event may prevent their vesting' "), *quoting Pearsall v. Great N. Ry.,* 161 U.S. 646, 673, 16 S.Ct. 705, 40 L.Ed. 838 (1896).

■ ¶ 15 Having found § 13–4033(C) properly applicable to Bolding, we must address whether its operation here nevertheless would be unconstitutional because it would take from Bolding his right to a direct appeal. In doing so, we are mindful of our obligation to construe a statute in a manner that will render it constitutional when possible. *See State v. Ramsey,* 211 Ariz. 529, ¶ 17, 124 P.3d 756, 763 (App.2005).

¶ 16 As noted earlier, the Arizona constitution gives a person who has been accused of a crime "the right to appeal in all cases." Ariz. Const. art. II, § 24. Section 13–4033(C) removes that right by deeming it forfeited in certain circumstances, essentially permitting an implied waiver of a non-pleading defendant's right to a direct appeal. A number of other jurisdictions similarly bar a criminal defendant's appeal when the defendant has absconded. *See, e.g., Young v. State,* 518 So.2d 822, 824 (Ala.Crim.App.1987) (defendant abandoned right to appeal by escaping following conviction); *People v. Kubby,* 97 Cal.App.4th 619, 118 Cal.Rptr.2d 588, 595 (2002) (appeal subject to dismissal where

defendant fled jurisdiction); *Evolga v. State,* 519 N.E.2d 532, 534 (Ind.1988) (time to appeal expired while defendant out of custody); *State v. Troupe,* 891 S.W.2d 808, 811–12 (Mo. 1995) (defendant who escaped barred from pursuing appeal); *State v. Mosley,* 84 Wash.2d 608, 528 P.2d 986, 986–87 (1974) (defendant abandoned right to appeal by escaping following conviction).

¶ 17 Unlike in Arizona, however, the right to appeal a criminal conviction in most of these jurisdictions is statutory rather than constitutional. *See, e.g., Young,* 518 So.2d at 824 (right to appeal statutory, citing Ala. Code § 12–22–130); *Troupe,* 891 S.W.2d at 812 n. 5 (criminal appeal "purely statutory," "with no basis in the constitution"). *But see Evolga,* 519 N.E.2d at 533 (right to appeal constitutional). In other jurisdictions where the right to appeal is constitutionally mandated, as in Arizona, courts have determined this right bars dismissal of an appeal on the ground of the defendant's escape or fugitive status. *See Mascarenas v. State,* 94 N.M. 506, 612 P.2d 1317, 1318 (1980); *State v. Tuttle,* 713 P.2d 703, 704–05 (Utah 1985); *accord Evolga,* 519 N.E.2d at 534 (act of escape, by itself, not proof of knowing and voluntary relinquishment of right to appeal).

■ ¶ 18 Like most constitutional rights, the right to appeal may be waived, but only if the waiver is knowing, voluntary, and intelligent. *State v. Wilson,* 174 Ariz. 564, 567, 851 P.2d 863, 866 (App.1993). We find analogous and instructive in this regard, a pleading defendant's waiver of the right to appeal. *See* § 13–4033(B) (pleading defendant in non-capital case may not appeal from judgment or sentence entered pursuant to plea agreement or admission to violation of probation); Ariz. R.Crim. P. 17.1(e), 17.2(e). The pleading defendant may seek review of a conviction only by filing in the trial court a petition for post-conviction relief pursuant to Rule 32, Ariz. R.Crim. P. *See State v. Smith,* 184 Ariz. 456, 458, 910 P.2d 1, 3 (1996). As our supreme court observed in *Montgomery v. Sheldon,* 181 Ariz. 256, 258–59 & 259 n. 2, 889 P.2d 614, 616–17 & 617 n. 2 (1995), such a waiver is consistent with article II, § 24 of our constitution. But a trial court cannot accept a plea unless it is assured the defendant knowingly, voluntarily and intelligently waives various constitutional rights, including the right to a direct appeal. *See* Ariz. R.Crim. P. 17.2(e).

■ ¶ 19 Similarly, a defendant may waive the right to appear and defend at all relevant stages of a criminal proceeding, a right that is guaranteed by the state and federal constitutions. *See* U.S. Const. amends. VI, XIV; Ariz. Const. art. II, § 24. The defendant can waive the right to be present by voluntarily absenting himself from the proceedings. *See State v. Bohn,* 116 Ariz. 500, 503, 570 P.2d 187, 190 (1977). A court can infer that the "absence [of a defendant] is voluntary if the defendant had personal notice of the time of the proceeding, the right to be present at it, and a warning that the proceeding would go forward in his or her absence should he or she fail to appear." Ariz. R.Crim. P. 9.1. The warning required by the rule ensures that the defendant intentionally has relinquished or abandoned a known right. *See* Ariz. R.Crim. P. 9.1 cmt.

■ ¶ 20 Because we have a "duty to construe a statute so that it will be constitutional if possible," *State v. McDonald,* 191 Ariz. 118, ¶ 11, 952 P.2d 1188, 1190 (App. 1998), we conclude § 13–4033(C) is constitutional when the defendant's voluntary delay of sentencing can be regarded as a knowing, voluntary, and intelligent waiver of his constitutional right to appeal. But such an inference can be drawn only if the defendant has been informed he could forfeit the right to appeal if he voluntarily delays his sentencing for more than ninety days. It appears undisputed that Bolding did not receive such a warning. Consequently, the statute cannot be applied to him in a constitutional manner. Accordingly, the state's motion to dismiss this appeal is denied.

CONCURRING: J. WILLIAM BRAMMER, JR., Presiding Judge and JOSEPH W. HOWARD, Chief Judge.