NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

FRANCISCO GERARDO RUIZ, *Appellant.*

No. 1 CA-CR 14-0383
FILED 6-4-2015

Appeal from the Superior Court in Mohave County
No. S8015CR201101153
The Honorable Derek C. Carlisle, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Mohave County Legal Advocate's Office, Kingman
By Jill L. Evans
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Patricia A. Orozco and Judge Michael J. Brown joined.

---

**T H U M M A**, Judge:

**¶1**        This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). Counsel for defendant Francisco Gerardo Ruiz has advised the court that, after searching the entire record, she has found no arguable question of law and asks this court to conduct an *Anders* review of the record. Ruiz was given the opportunity to file a supplemental brief pro se but has not done so. This court has reviewed the record and has found no reversible error. Accordingly, Ruiz' conviction and resulting sentence are affirmed.

**FACTS[1] AND PROCEDURAL HISTORY**

**¶2**        Ruiz was charged by Indictment with one count of promoting prison contraband, a Class 5 felony, for an incident that occurred in July 2011. Ruiz posted bond and, on April 2012, he was released from custody pending trial.

**¶3**        At the May 15, 2012 final trial management conference, Ruiz was ordered to appear for trial. The superior court warned Ruiz "[i]f you're not here, the trial could go on without you. Ultimately you could be tried, convicted facing incarceration." Ruiz was also warned that if "you [Ruiz] delay your sentencing or if you don't show up for trial and you're found guilty, and that delays your sentencing, under either scenario, if you delay your sentencing, you could potentially be losing the right to file an appeal." When asked if Ruiz understood that warning, Ruiz responded "[y]es, sir." Ruiz had similarly affirmed his understanding of this right at prior

---

[1] This court views the facts "in the light most favorable to sustaining the verdict, and resolve[s] all reasonable inferences against the defendant." *State v. Rienhardt*, 190 Ariz. 579, 588–89, 951 P.2d 454, 463–64 (1997) (citation omitted).

hearings. Ruiz subsequently failed to appear for trial and, without objection, the court proceeded in absentia.

¶4        At trial, three corrections officers testified that on July 14, 2011, they had entered the dorm in the Arizona prison where Ruiz was being held. When the corrections officers entered, Ruiz stood up and made a "beeline for the bathroom." The three officers followed "right behind" Ruiz and found Ruiz sitting down on a toilet in the bathroom. Ruiz had his pants pulled down to his knees but was still wearing his boxers. He was alone in the bathroom and had one hand on his lap with the other hand tucked behind him. One of the corrections officers asked Ruiz to identify himself and Ruiz did so. At trial, Ruiz was also identified from a photograph. One of the corrections officers directed Ruiz to stand up. Ruiz complied but, as he was standing, grabbed the handle and started flushing the toilet. As Ruiz was being detained, one of the corrections officers noticed a white pouch containing a blue cell phone in the toilet.

¶5        Before submitting the case to the jury, the superior court read a stipulation by the parties that Ruiz was an inmate in the Arizona prison where he was being held on July 14, 2011 and that "the sentence he was serving has expired and the defendant has been released from custody." After deliberating, the jury found Ruiz guilty as charged. After the verdict, the superior court issued a bench warrant for Ruiz' arrest and his bond was forfeited.

¶6        In April 2014, Ruiz appeared for an initial appearance on the bench warrant and was later sentenced. The superior court found that Ruiz had two historical prior felony convictions and sentenced him to a presumptive five-year prison term, to run consecutive with sentences in other cases. Ruiz was credited with 33 days of presentence incarceration. At sentencing, the superior court reaffirmed that Ruiz may have forfeited his right to file an appeal. Ruiz timely appealed.

## DISCUSSION

¶7        It is not clear that this court has jurisdiction over this case. The Arizona Constitution, Article 2, Section 24, provides that "[i]n criminal prosecutions, the accused shall have . . . the right to appeal in all cases." That right is codified in Arizona Revised Statutes (A.R.S.) section 13-4033(A) (2015),[2] which provides that a defendant may appeal from a "final

---

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

judgment of conviction." A.R.S. § 13-4033(A)(1). That right is deemed waived in certain circumstances, however, including "if the defendant's absence prevents sentencing from occurring within ninety days after conviction and the defendant fails to prove by clear and convincing evidence at the time of sentencing that the absence was involuntary." A.R.S. § 13-4033(C). This statute has been construed to apply only when the superior court notified the defendant on the record that absconding could deprive the defendant of his constitutional right to appeal and that the waiver is deemed "knowing, voluntary and intelligent." *State v. Bolding*, 227 Ariz. 82, 88 ¶¶ 18–20, 253 P.3d 279, 285 (App. 2011).

¶8 Here, the superior court warned Ruiz multiple times that he might forfeit his right to appeal if he delayed his sentencing. At all times, Ruiz indicated that he understood this warning. Despite the superior court's warning, Ruiz failed to appear at trial and absconded, delaying sentencing by far more than the 90 days contemplated in A.R.S. § 13-4033(C). In fact, Ruiz was not sentenced until more than 700 days after the verdict. Ruiz gave no good cause for his absence at trial and never argued that his absence was involuntary. There is no evidence in the record, let alone clear and convincing evidence at the time of sentencing, that Ruiz' absence was involuntary. Thus, the application of A.R.S. § 13-4033(C) bars this appeal.

¶9 Even if this court did have jurisdiction over the appeal, searching the record and brief reveals no reversible error. The record shows that Ruiz was represented by counsel at all stages of the proceedings and counsel was present at all critical stages. The evidence admitted at trial constitutes substantial evidence supporting the conviction for promoting prison contraband. From the record, all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. The sentence imposed was within the statutory limits and permissible range.

**CONCLUSION**

¶10 This court has read and considered counsel's brief, and has searched the record provided for reversible error and has found none. *State v. Leon*, 104 Ariz. 297, 300, 451 P.2d 878, 881 (1969); *State v. Clark*, 196 Ariz. 530, 537 ¶ 30, 2 P.3d 89, 96 (App. 1999). Accordingly, Ruiz' conviction and resulting sentence are affirmed.

¶11 Upon the filing of this decision, defense counsel is directed to inform Ruiz of the status of his appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85, 684 P.2d 154, 156–57 (1984). Ruiz shall have 30 days from the date of this decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
FILED: ama