NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

SEAN MONTE NUNNERY, *Appellant*.

No. 1 CA-CR 17-0669
1 CA-CR 17-0671
1 CA-CR 17-0672
(Consolidated)

FILED 8-13-2019

---

Appeal from the Superior Court in Maricopa County
No. CR2011-163002-001
CR2012-102141-001
CR2015-151874-001
The Honorable Virginia L. Richter, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Mark E. Dwyer
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Randall M. Howe delivered the decision of the Court, in which Judge Jennifer M. Perkins and Judge Peter B. Swann joined.

---

H O W E, Judge:

¶1        This is a consolidated appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for Sean Monte Nunnery has advised this Court that counsel found no arguable questions of law and asks us to search the record for fundamental error. Nunnery was convicted of one count of sale or transportation of marijuana, a class 3 non-dangerous felony. Nunnery was given an opportunity to file a supplemental brief in propria persona; he has not done so. After reviewing the record, we affirm Nunnery's convictions and sentences.

**FACTS AND PROCEDURAL HISTORY**

¶2        We view the facts in the light most favorable to sustaining the judgment and resolve all reasonable inferences against Nunnery. *See State v. Fontes*, 195 Ariz. 229, 230 ¶ 2 (App. 1998). In 2011 and 2012, Nunnery was charged with possession of marijuana and possession of drug paraphernalia. He pled guilty to possession of marijuana both times and was placed on probation for two years.

¶3        A few years later, in October 2015, two Tempe Police Department Detectives, Joseph Manchak and Lauren Wallace, were in a Tempe coffee shop while working undercover. They sat at a table near Nunnery and talked about purchasing marijuana and about a person with the street name of "Stick man." Shortly thereafter, Nunnery scolded the undercover officers for speaking so loudly. After their interaction with Nunnery, the detectives left the coffee shop.

¶4        The next day, the detectives crossed paths with Nunnery while walking in the area of the coffee shop. Nunnery asked the detectives whether they "had found what [they] were looking for." After Detective Manchak answered "no," Nunnery motioned the detectives to follow him.

¶5        Nunnery led the undercover detectives to another area, where they discussed purchasing marijuana. Detective Manchak told Nunnery he wanted "$20 worth," but Nunnery insisted that he could give him a "better

deal" if he purchased more. After a while, Detective Manchak and Nunnery settled on $40 in exchange for 1.16 grams of marijuana. Detective Manchak put the $40 in Nunnery's backpack and Nunnery handed Detective Manchak the marijuana. After the deal was complete, the detectives and Nunnery went their separate ways and shortly thereafter another patrol officer arrested Nunnery.

¶6          The State charged Nunnery with one count of sale or transportation of marijuana, a class 3 non-dangerous felony. Although the trial court informed Nunnery that he must attend his trial, he did not attend. The court consequently issued a bench warrant for Nunnery's arrest and proceeded without him. At trial, both parties stipulated that Nunnery knowingly sold an amount of marijuana having a weight of less than two pounds on October 27, 2015. Defense counsel also raised the affirmative defense of entrapment.

¶7          The jury found Nunnery guilty as charged. The jury also found that the State proved, as aggravating factors, that Nunnery (1) committed the offense while on probation and (2) committed the offense as consideration for the receipt or in the expectation of the receipt of anything of pecuniary value.

¶8          Although Nunnery was not present for trial, he was present for sentencing. The trial court conducted the sentencing hearing in compliance with Nunnery's constitutional rights and Arizona Rule of Criminal Procedure ("Rule") 26. The State withdrew the allegation that Nunnery was on probation at the time of the conviction as a sentencing enhancement. The trial court found that Nunnery had two prior felony convictions that placed him in category three of the repetitive sentencing scheme. The trial court sentenced Nunnery to a minimum term of ten years' imprisonment for sale or transportation of marijuana with 387 days' presentence incarceration credit. The trial court also found that probation was no longer appropriate for Nunnery's two prior convictions from 2011 and 2012. It therefore revoked Nunnery's probation and sentenced him to one-year imprisonment in his 2011 case with 731 days' presentence incarceration credit and one-year imprisonment in his 2012 case with 687 days' presentence incarceration credit. The court further ordered that all terms run concurrently. Nunnery timely appealed.

## DISCUSSION

¶9          We review the entire record for reversible error. *State v. Thompson*, 229 Ariz. 43, 45 ¶ 3 (App. 2012). As a preliminary matter,

although Nunnery was absent during his trial and sentencing took place more than 90 days after his conviction, Nunnery did not forfeit his right to appeal. Under A.R.S. § 13–4033(C), a defendant may not appeal his conviction "if the defendant's absence prevents sentencing from occurring within ninety days after conviction and the defendant fails to prove by clear and convincing evidence at the time of sentencing that the absence was involuntary." In the instant case, Nunnery was convicted on June 14, 2016. He was located on October 29, 2016—more than 90 days after his conviction—and finally sentenced on September 22, 2017, after a delay in the proceedings due to Rule 26.5 and Rule 11 competency issues. But because the record before us does not appear to contain evidence that Nunnery was informed that his voluntary delay of sentencing for more than 90 days would result in a waiver of his appeal rights, *see State v. Bolding*, 227 Ariz. 82, 88 ¶ 20 (App. 2011), we find no waiver.

¶10        Counsel for Nunnery has advised this Court that after a diligent search of the entire record, counsel has found no arguable question of law. We have read and considered counsel's brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, counsel represented Nunnery at all stages of the proceedings against him. Nunnery chose not to attend the trial. His trial was completed *in absentia* pursuant to Rule 9.1. Nunnery's sentences fall within the range prescribed by law, with proper credit given for presentence incarceration. We decline to order briefing and affirm Nunnery's convictions and sentences.

¶11        Upon the filing of this decision, defense counsel shall inform Nunnery of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Nunnery shall have 30 days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.

## CONCLUSION

¶12        For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:  AA