NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

DARRELL EUGENE ROBINSON, *Appellant.*

No. 1 CA-CR 18-0746
FILED 9-24-2019

---

Appeal from the Superior Court in Maricopa County
No. CR2017-137010-001
The Honorable Danielle J. Viola, Judge

**APPEAL DISMISSED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Lawrence S. Matthew
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Paul J. McMurdie delivered the decision of the Court, in which Chief Judge Peter B. Swann and Judge Samuel A. Thumma joined.

---

**M c M U R D I E**, Judge:

**¶1** Darrell Eugene Robinson appeals his conviction for unlawful flight from a law enforcement vehicle, a class 5 felony, and the resulting sentence. Robinson's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, he found no arguable question of law that was not frivolous. Robinson was allowed to file a supplemental brief but did not do so. Counsel asks this court to search the record for arguable issues. *See Penson v. Ohio*, 488 U.S. 75 (1988); *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). After reviewing the record, we dismiss the appeal for lack of jurisdiction.

**DISCUSSION**

**¶2** This court has an independent duty to determine its jurisdiction and, if it lacks jurisdiction, to dismiss the appeal. *Davis v. Cessna Aircraft Corp.*, 168 Ariz. 301, 304 (App. 1991).

**¶3** Under Arizona Revised Statutes ("A.R.S.") section 13-4033, a defendant may not appeal a guilty verdict "if the defendant's absence prevents sentencing from occurring within ninety days after conviction and the defendant fails to prove by clear and convincing evidence at the time of sentencing that the absence was involuntary." Robinson was not present for the jury verdict in June 2018, and his sentencing occurred in October 2018. His sentencing, therefore, was over 90 days after his conviction. Ariz. R. Crim. P. 1.3. However, because the right to appeal a criminal conviction in Arizona is constitutional, we must determine whether his waiver was "knowing, voluntary, and intelligent." *State v. Bolding*, 227 Ariz. 82, 88, ¶ 20 (App. 2011).

**¶4** At his arraignment, Robinson was admonished about the consequences if he failed to appear during the proceedings, including that he could lose his right to appeal if he voluntarily delayed sentencing for more than 90 days. Additionally, nothing in the record demonstrates that

Robinson's absence was involuntary. At sentencing, Robinson explained the reason for his absence was to take care of his family and acknowledged his "wrong choices." Thus, we conclude Robinson knowingly, voluntarily, and intelligently waived his right to appeal by delaying his sentencing for more than 90 days after his conviction. Accordingly, this court lacks jurisdiction and must dismiss Robinson's appeal.

## CONCLUSION

¶5        Robinson's appeal is dismissed for lack of jurisdiction.



AMY M. WOOD • Clerk of the Court
FILED:  AA