NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

THOMAS ARTHUR PHILLIPS, *Appellant.*

No. 1 CA-CR 19-0406
FILED 2-18-2021

Appeal from the Superior Court in Maricopa County
No.  CR2015-147380-001
The Honorable Monica S. Garfinkel, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Dawnese C. Hustad
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge D. Steven Williams and Judge David D. Weinzweig joined.

---

**T H U M M A**, Judge:

**¶1**         This is an appeal under *Anders v. California*, 386 U.S. 738, 744 (1967) and *State v. Leon*, 104 Ariz. 297, 300 (1969). Counsel for defendant Thomas Arthur Phillips has advised the court that, after searching the entire record, no arguable question of law was identified and asks this court to conduct an *Anders* review of the record. Phillips was given the opportunity to file a supplemental brief pro se but did not do so. This court has reviewed the record and found no reversible error. *Leon,* 104 Ariz. at 300; *State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1999). Accordingly, Phillips' conviction and resulting prison sentence are affirmed.

**FACTS AND PROCEDURAL HISTORY**

**¶2**         In October 2015, Phillips was driving a borrowed pickup truck with a friend as a passenger. Mesa Police Detective J.L. testified that he watched Phillips drive north through the parking lot and fail to stop at a sidewalk. J.L. conducted a traffic stop, and subsequently arrested Phillips based on two outstanding warrants and for driving without a license. After placing Phillips in handcuffs, J.L. conducted an inventory search and found two small vials containing methamphetamine between the driver's seat and the center console. J.L. advised Phillips of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966), and Phillips admitted that the vials belonged to him and contained approximately one gram of methamphetamine. Phillips later testified he made no such admission to J.L. and that he did not know the vials were in the truck.

**¶3**         The State charged Phillips with possession of a dangerous drug, a Class 4 felony. Phillips was present for jury selection and trial but absconded the following day during jury deliberations, delivery of the verdict, and the aggravation phase. The jury found Phillips guilty as charged, and found Phillips committed the offense while on probation. Phillips was later taken into custody, the court sentenced Phillips to the presumptive sentence of 4.5 years in prison, with 96 days' presentence incarceration credit. This court has jurisdiction over Phillips' timely appeal

pursuant to Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1), 13-4031, and -4033(A)(1) (2021).[1]

## DISCUSSION

**¶4**　　　　This court has reviewed and considered counsel's brief and has searched the record provided for reversible error. *Leon*, 104 Ariz. at 300; *Clark*, 196 Ariz. at 537 ¶ 30. Searching the record and brief reveals no reversible error.

**¶5**　　　　The record shows Phillips was represented by counsel at all critical stages of the proceedings. While Phillips was not present at the third day of trial, he waived his right by voluntarily absenting himself from the proceedings. *State v. Bolding*, 227 Ariz. 82, 88 ¶ 19 (App. 2011). Sentencing was held when Phillips was present and in custody. While Phillips' confession to J.L. was admitted without a voluntariness hearing, defense counsel did not move for a voluntariness hearing and, on this record, no error occurred. *See State v. Alvarado*, 121 Ariz. 485, 486–87 (1979). The record provided also shows there was substantial evidence supporting Phillips' conviction and sentence. From the record, all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and the sentence imposed was within the statutory limits and permissible ranges.

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

**CONCLUSION**

**¶6** Phillips' conviction and resulting prison sentence are affirmed. Upon the filing of this decision, defense counsel is directed to inform Phillips of the status of his appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Phillips shall have 30 days from the date of this decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:     AA