NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

JOSE SANTOS REYNOSO, *Appellant*.

No. 1 CA-CR 20-0431
FILED 9-21-2021

---

Appeal from the Superior Court in Maricopa County
No. CR2018-102424-001
The Honorable Justin Beresky, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Lawrence S. Matthew
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Randall M. Howe delivered the decision of the Court, in which Judge Brian Y. Furuya and Judge Michael J. Brown joined.

---

H O W E , Judge:

¶1        This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for Jose Santos Reynoso has advised this Court that he has found no arguable questions of law and asks us to search the record for fundamental error. Reynoso was convicted of possession of marijuana, a class 6 felony, and resisting arrest, a class 1 misdemeanor. He was given an opportunity to file a supplemental brief in propria persona; he has not done so. After reviewing the record, we affirm Reynoso's convictions and sentences.

## FACTS AND PROCEDURAL HISTORY

¶2        We view the facts in the light most favorable to sustaining the judgment and resolve all reasonable inferences against Reynoso. *See State v. Fontes*, 195 Ariz. 229, 230 ¶ 2 (App. 1998). In January 2018, a DPS officer stopped a grey Ford Taurus for a traffic violation. The officer was in full uniform and drove a fully marked vehicle with lights and an emergency siren. When the officer approached the vehicle, the driver rolled down his window about two inches. He claimed to have no identification but identified himself as Jose Reynoso to the officer.

¶3        The officer smelled fresh marijuana coming from the vehicle and saw a pocketknife in Reynoso's breast pocket. When he asked Reynoso to fully roll down his window, Reynoso refused. Reynoso also refused to exit the vehicle when ordered.  The officer asked Reynoso to exit the vehicle a second time, but Reynoso again refused and began to make a phone call with one hand and reach down inside the driver's side door with the other.

¶4        Because the officer could not see where Reynoso reached, the officer attempted to reach his hand through the window and open the door. Reynoso screamed and grabbed the officer's arm. The officer pushed Reynoso off him, ripped open the window, unlocked the door, and attempted to remove Reynoso. Reynoso leaned towards the passenger seat and refused to exit the vehicle. Once he got Reynoso out of the vehicle, the officer placed Reynoso under arrest. Reynoso continued to move his hands

away from the officer while the officer attempted to handcuff him. Eventually, the officer handcuffed Reynoso and removed him from the road.

¶5 Other officers arrived on scene and searched the Taurus, finding marijuana in a pouch in the center console. A Maricopa County Grand Jury subsequently indicted Reynoso with one count of possession or use of marijuana, a class 6 felony, and one count of resisting arrest, a class 1 misdemeanor.

¶6 Reynoso repeatedly missed court hearings. He was subsequently tried *in absentia* in October 2019 after having been informed that his failure to appear for trial could result in the trial proceeding without him. The arresting officer identified Reynoso through a photo and testified that Reynoso was the sole occupant in the Taurus and that he had resisted arrest. A forensic scientist testified that a microscopic test of the substance found in the pouch of Reynoso's console was marijuana. The jury found Reynoso guilty on both counts.

¶7 Reynoso did not show up for sentencing until August 2020, despite being in custody since December 2019, having at least once refused. He was sentenced to six months of jail time, time served, and two years' probation. Although Reynoso absconded and delayed sentencing for more than 90 days after the jury's conviction, *see* A.R.S. § 13–4033(C), he was not informed that such delay would waive his right to appeal, and we therefore consider his appeal. *See State v. Bolding*, 227 Ariz. 82, 88 ¶ 20 (App. 2011).

## DISCUSSION

¶8 We review Reynoso's convictions and sentences for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512 ¶ 12 (App. 2011). Counsel for Reynoso has advised this Court that after a diligent search of the entire record, he has found no arguable question of law.

¶9 We have read and considered counsel's brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and find none. All the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and the Rules of Evidence for Courts in the State of Arizona. While Reynoso absconded from his trial, he had been informed that trial would be held without him present, to which he understood and agreed. Reynoso was represented by counsel through trial and sentencing. The sentence imposed was within the statutory guidelines. We decline to order further briefing and affirm Reynoso's conviction and sentence.

¶10 Upon the filing of this decision, defense counsel shall inform Reynoso of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Reynoso shall have 30 days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

## CONCLUSION

¶11 For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA