NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CHRISTIAN ALEJANDRO MENDOZA, *Appellant.*

No. 1 CA-CR 21-0137
FILED 3-15-2022

Appeal from the Superior Court in Maricopa County
No. CR2017-124511-001
The Honorable Laura J. Giaquinto, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Maricopa County Public Defender, Phoenix
By Cory Engle
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Presiding Judge Paul J. McMurdie delivered the Court's decision, in which Vice Chief Judge David B. Gass and Judge Angela K. Paton joined.

---

**M c M U R D I E**, Judge:

**¶1**        Christian Alejandro Mendoza appeals from his convictions and sentences for aggravated driving while under the influence of intoxicating liquor ("DUI"). Mendoza's counsel filed a brief per *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that he found no arguable question of law that was not frivolous after a diligent search of the record. Mendoza was allowed to file a supplemental brief but did not do so. Counsel asks this court to search the record for arguable issues. *See Penson v. Ohio*, 488 U.S. 75 (1988); *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). After reviewing the record, we affirm Mendoza's convictions and sentences.

## FACTS[1] AND PROCEDURAL BACKGROUND

**¶2**        Law enforcement responded to a 9-1-1 call reporting a drunk driver on I-17 in Maricopa County. A Phoenix police officer found the suspect vehicle, witnessed it erratically veer into another traffic lane, and initiated a stop. Shortly after that, Trooper Jake Lough of the Arizona Department of Public Safety ("DPS") arrived to investigate. Mendoza was the vehicle's driver and sole occupant.

**¶3**        Lough observed that Mendoza swayed slightly and smelled of alcohol. Lough obtained Mendoza's consent to perform field sobriety tests. Based on his observations, Lough arrested Mendoza and transported him to a DPS facility, where he got Mendoza's consent for a breath test. Mendoza registered a blood alcohol concentration of 0.109 and 0.113 in successive tests. A search of Motor Vehicle Division ("MVD") records using Mendoza's identification card revealed that his driving privilege was revoked.

---

[1]        We view the facts in the light most favorable to sustaining the judgment. *State v. Mendoza*, 248 Ariz. 6, 11, ¶ 1, n.1 (App. 2019).

¶4          The State charged Mendoza with two counts of aggravated DUI, class 4 felonies under A.R.S. § 28-1383: the first for impairment to the slightest degree under A.R.S. § 28-1381(A)(1), and the second for alcohol concentration of 0.08 or more under A.R.S. § 28-1381(A)(2). He rejected a plea offer after the court advised him according to *State v. Donald*, 198 Ariz. 406, 414, ¶ 14 (App. 2000). The State alleged Mendoza had one prior conviction for aggravated DUI.

¶5          At a jury trial, three witnesses testified: the officer that initiated the traffic stop, Lough, and an MVD records custodian. The State presented evidence that Mendoza drove in Arizona while impaired from intoxicating liquor and having a blood alcohol concentration of greater than 0.08 while knowing his driving privilege was revoked. Following the State's case, Mendoza moved for a judgment of acquittal under Arizona Rule of Criminal Procedure 20, which the court denied. The jury found Mendoza guilty on both counts.

¶6          The superior court advised Mendoza before the trial that, should he be convicted, he would have to appear at sentencing. If he chose not to appear and his absence prevented the court from sentencing him within 90 days from the conviction, he would lose his right to appeal. Mendoza failed to appear for the last day of the trial and remained absent until he was arrested around 18 months later. After granting multiple continuances, the court sentenced Mendoza.

¶7          At the sentencing, the State presented evidence that Mendoza was convicted in Yavapai County in 2006 for aggravated DUI. The superior court found the State proved the prior conviction by clear and convincing evidence, making Mendoza a category two repetitive offender under A.R.S. § 13-703. The superior court sentenced Mendoza to concurrent presumptive terms of 4.5 years for each aggravated DUI conviction, with credit for 346 days' time served.

¶8          Mendoza appealed.

## DISCUSSION

**A.     This Court Has Jurisdiction Over the Appeal.**

¶9          We have jurisdiction over Mendoza's appeal from his convictions and sentences.

¶10          Under A.R.S. § 13-4033(C), a defendant may not appeal from a final judgment of conviction "if the defendant's absence prevents

3

sentencing from occurring within ninety days after conviction and the defendant fails to prove by clear and convincing evidence at the time of sentencing that the absence was involuntary." But because the right to appeal is constitutional, a defendant only waives his right to appeal under the statute if his "voluntary delay of sentencing can be regarded as . . . knowing, voluntary, and intelligent." *State v. Bolding*, 227 Ariz. 82, 88, ¶ 20 (App. 2011). Such an inference can be drawn only if a defendant has been told he could forfeit the right to appeal if he voluntarily delays the sentencing for more than 90 days. The superior court determines the voluntariness at the time of sentencing. *State v. Raffaele*, 249 Ariz. 474, 479, ¶ 15 (App. 2020).

**¶11**      The record shows that the superior court did not determine the voluntariness of Mendoza's delay at the time of sentencing. Because such a finding is absent, we do not infer that Mendoza waived his right to appeal. We recognize that the Arizona Supreme Court may soon supplement our understanding of *Bolding* and *Raffaele*, as argued in *State v. Hons. Brearcliffe/Vasquez et al.*, No. CV-21-0174-SA (argued Feb. 10, 2022). But until then, and because this appeal raises no reversible issue, we address the appeal on the merits under A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A).

**B.      This Appeal Raises No Reversible Issue.**

**¶12**      We have read and considered counsel's brief and have reviewed the record for any arguable issues. *See Leon*, 104 Ariz. at 300. We find none.

**¶13**      Counsel represented Mendoza at all stages of the proceedings against him. Mendoza was present at all stages except for certain trial periods, including the verdict, for which Mendoza waived his presence. The record reflects the superior court afforded Mendoza his constitutional and statutory rights and conducted the proceedings following the Arizona Rules of Criminal Procedure. The court held appropriate pretrial hearings, and the evidence presented at trial and summarized above was enough to support the jury's verdicts. Mendoza's sentences fall within the range prescribed by law, with proper credit given for presentence incarceration.

**CONCLUSION**

**¶14**      Mendoza's convictions and sentences are affirmed. After the filing of this decision, the defense counsel's obligations about Mendoza's

representation in this appeal will end after informing him of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).

