NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

BRIAN JOHN PARDO, *Petitioner*.

No. 1 CA-CR 23-0062 PRPC
FILED 4-30-2024

Petition for Review from the Superior Court in La Paz County
Nos.  S1500CR201500218
S1500CR201600207
The Honorable Jessica L. Quickle, Judge *Retired*

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

La Paz County Attorney's Office, Parker
By Tony Rogers
*Counsel for Respondent*

Brian John Pardo, Kingman
*Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Angela K. Paton delivered the decision of the Court, in which Judge Michael S. Catlett and Judge James B. Morse Jr. joined.

---

**P A T O N,** Judge:

¶1  Brian John Pardo petitions this court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

## FACTS AND PROCEDURAL HISTORY

¶2  In October 2014, the United States Border Patrol stopped Pardo at a temporary checkpoint. After a drug detection dog alerted to Pardo's vehicle, Border Patrol agents searched it, and found marijuana, a glass smoking pipe, empty duffel bags, two firearms, and $73,736 in cash—all of which they seized.

¶3  The State indicted Pardo in La Paz County in two separate cases that were later joined, on charges of misconduct involving weapons, possession of marijuana, possession of drug paraphernalia, transportation of marijuana for sale, conspiracy to transport marijuana for sale, and money laundering. In October 2018, the State moved to dismiss the case, which the La Paz County Superior Court granted. Pardo asked about the return of his property, including the $73,736. The court told Pardo that money is not considered contraband if forfeiture proceedings have not yet been commenced and ordered "all non-contraband evidence be released to [him]."

¶4  Pardo appears to have filed a motion seeking return of the $73,736 in federal district court. The district court denied the motion in August 2021, reasoning that it had no authority to enforce an order of the La Paz County Superior Court and the money sought was administratively forfeited after Pardo received notice of the forfeiture proceeding but did not timely object to it. *See* 18 U.S.C. §§ 981, 983.

¶5  Pardo then filed a motion in La Paz County Superior Court requesting the court to enforce its prior order by directing a return of the

$73,736 to him. The court denied the motion, explaining it could not order the money's return because the federal government, not the State, possessed it, and the administrative forfeiture of the money meant it was contraband and therefore not subject to the court's prior order.

¶6 Twenty-four days after entry of the court's order, Pardo filed a "Request of Transcripts and Request for Extension of Time" to file a petition for review or appeal. The court denied his motion for transcripts because he did not file a timely notice of appeal. *See* Ariz. R. Crim. P. 31.2(a)(2) (20-day deadline to file notice of appeal).

¶7 Pardo then filed a "Motion for Reconsideration Request of Transcripts and for Extension of Time / Notice to Appeal[,]" arguing that his prior motion was a notice of appeal which was timely-filed under the prisoner "mailbox rule." *See Mayer v. State*, 184 Ariz. 242, 244 (App. 1995). The State opposed his motion and argued that an extension request is not a notice of appeal. The court granted Pardo a "delayed appeal" based on a finding of "excusable neglect."

¶8 This court determined the appeal was not timely-filed and dismissed the case. We explained that a delayed appeal can only be sought from the superior court through a post-conviction proceeding. *See* Ariz. R. Crim. P. 31.2(a)(3) ("A notice of delayed appeal must be filed no later than 20 days after entry of the order granting a delayed appeal under Rule 32.1(f).").

¶9 Pardo filed a notice and petition seeking post-conviction relief under Rule 32.1(f). *See* Ariz. R. Crim. P. 32.1(f) ("the failure to timely file a notice of appeal was not the defendant's fault"). The superior court denied relief based on its determination that Pardo did not fall within the class of persons entitled to seek relief under Rule 32.

¶10 Pardo petitioned for review. We grant review under Arizona Revised Statutes ("A.R.S.") Section 13-4239(G).

## DISCUSSION

¶11 We review the superior court's denial of post-conviction relief "for an abuse of discretion, which occurs if the court makes an error of law or fails to adequately investigate the facts necessary to support its decision." *State v. Bigger*, 251 Ariz. 402, 407, ¶ 6 (2021).

¶12 Pardo argues the superior court abused its discretion by (1) dismissing his Rule 32.1(f) claim and (2) granting him a delayed appeal,

rather than a timely-filed appeal, when the court granted his motion for reconsideration.

**¶13**        The superior court did not abuse its discretion in dismissing Pardo's post-conviction proceeding.  Rule 32.1 relief is not available to him because his case was dismissed before he was tried.  *See* Ariz. R. Crim. P. 32.1 ("A defendant may file a notice requesting post-conviction relief under this rule if the defendant was convicted and sentenced for a criminal offense after a trial or a contested probation violation hearing, or in any case in which the defendant was sentenced to death."); *see also* Ariz. R. Crim. P. 33.1 ("A defendant may file a notice requesting post-conviction relief under this rule if the defendant pled guilty or no contest to a criminal offense, admitted a probation violation, or had an automatic probation violation based on a plea of guilty or no contest.").

**¶14**        Nor does Pardo's challenge to the superior court's order granting him a delayed appeal warrant relief.  First, the court could reasonably determine that Pardo's "Request for Extension of Time" to file an appeal was not the equivalent of a notice of appeal.  Second, it is unclear whether the order Pardo seeks to appeal is in fact appealable.  *See* A.R.S. § 13-4033(A) (enumerating the "only" decisions that may be appealed by a criminal defendant); *Matter of Appeal in Pima County Juvenile Action No. S-933*, 135 Ariz. 278, 280 (1982) ("The substantive right to appeal in any class of cases can be created only by constitution or statute."); *State v. Bolding*, 227 Ariz. 82, 87, ¶ 13 (App. 2011) (explaining that Section 13-4033(A) codifies the state constitutional right of a criminal defendant to appeal and specifies what orders are appealable).

## CONCLUSION

**¶15**        We grant review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED:    AA