IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ANDREW RAY SOZA, *Appellant.*

No. 1 CA-CR 19-0003
FILED 5-14-2020

Appeal from the Superior Court in Maricopa County
No. CR2018-117718-002
The Honorable Monica S. Garfinkel, Judge *Pro Tempore*

**AFFIRMED IN PART; VACATED IN PART**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eliza Ybarra
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Mikel Steinfeld
*Counsel for Appellant*

**OPINION**

Presiding Judge Paul J. McMurdie delivered the opinion of the Court, in which Judge Jennifer B. Campbell and Vice Chief Judge Kent E. Cattani joined.

**M c M U R D I E,** Judge:

¶1        Andrew Soza appeals from his convictions and sentences for possessing dangerous drugs for sale, possessing narcotic drugs for sale, four counts of possessing drug paraphernalia, and false reporting to a law enforcement agency. Because we hold that a defendant who simultaneously possesses multiple objects of drug paraphernalia commits only one violation of Arizona Revised Statutes ("A.R.S.") section 13-3415(A), we vacate three of Soza's convictions and the resulting sentences under that statute. We otherwise affirm.

## FACTS[1] AND PROCEDURAL BACKGROUND

¶2        A police officer pulled over a car driven by Soza's wife for a traffic violation. When the officer asked Soza, who was in the passenger seat, for identification, he provided a false name and date of birth. He also claimed that he did not have any identification or know his Social Security number. Soza eventually disclosed his identity.

¶3        The officer arrested Soza for false reporting and searched him incident to the arrest. Soza was carrying "two small micro baggies," an identification card, and $305 in cash. Because Soza's wife was driving with a suspended license, the officers impounded and searched the car. In the trunk, an officer found several packages of methamphetamine and heroin, a glass pipe, multiple micro baggies, and a digital scale with "white residue" and a "black tar-like smudge" on its surface.

¶4        The State charged Soza with possessing dangerous drugs for sale (methamphetamine), possessing narcotic drugs for sale (heroin), four counts of possessing drug paraphernalia (micro baggies for

---

[1]        We view the facts in the light most favorable to upholding the verdicts and resolve all reasonable inferences against the defendant. *State v. Mendoza*, 248 Ariz. 6, 11, ¶ 1, n.1 (App. 2019).

methamphetamine, micro baggies for heroin, a scale for methamphetamine, and a scale for heroin), and one count of false reporting to a law-enforcement agency. The jurors found him guilty as charged, and the court sentenced him as a category-three repetitive offender to presumptive, concurrent prison terms, the longest being 15.75 calendar years. Soza appealed, and we have jurisdiction under A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

### A. The Act of Possession Defines the Allowable Unit of Prosecution for Possessing Drug Paraphernalia Under A.R.S. § 13-3415(A).

¶5 The jury found Soza committed four separate violations of A.R.S. § 13-3415(A): possessing micro baggies for methamphetamine, possessing micro baggies for heroin, possessing the scale for methamphetamine, and possessing the same scale for heroin. Soza argues that he committed only one prosecutable violation of A.R.S. § 13-3415(A). We agree.

¶6 Imposing multiple punishments for the same offense violates the Double Jeopardy Clause, which constitutes fundamental error. *State v. Jurden*, 239 Ariz. 526, 528–29, ¶¶ 7, 10 (2016). Whether Soza's convictions for possessing drug paraphernalia implicate double jeopardy requires us to determine what the "allowable unit of prosecution" is under A.R.S. § 13-3415(A). *See Jurden,* at 529, ¶ 11 (quoting *United States v. Universal C.I.T. Credit Corp.*, 344 U.S. 218, 221 (1952)). Put another way, what is "the scope of conduct for which a discrete charge can be brought"? *Id.*

¶7 Soza argues that the unit of prosecution under A.R.S. § 13-3415(A) is an "act" of possession—regardless of the number or kind or intended use of the paraphernalia possessed. The State, in turn, argues that A.R.S. § 13-3415(A) makes each "object" of paraphernalia a separate offense. Under its interpretation, this court would vacate one of Soza's convictions because he possessed only one scale, not two.

¶8 Determining the allowable unit of prosecution requires us to interpret the statute at issue, which we do *de novo. Jurden*, 239 Ariz. at 528-29, ¶¶ 7, 11; *see also State v. McPherson*, 228 Ariz. 557, 560, ¶ 5 (App. 2012) ("The intent of the legislature in defining and fixing the punishment for an offense is a question of law we review de novo."). The ultimate objective is to divine the legislature's intent, and we begin by looking to the statutory text. *Jurden*, 239 Ariz. at 530, ¶ 15. If the language is clear, our examination ends there. *Id.* If the language is ambiguous, "we consider

secondary principles of statutory interpretation, such as the context of the statute, the language used, the subject matter, its historical background, its effects and consequences, and its spirit and purpose." *Id.* We also "consider the policy behind the statute and the evil it was designed to remedy." *State v. Korzep*, 165 Ariz. 490, 493 (1990); *see also* A.R.S. § 13-104 (requiring criminal statutes to "be construed according to the fair meaning of their terms to promote justice and effect the objects of the law"). The "context" of the statute under consideration and "related statutes on the same subject" also bear on our interpretation. *Nicaise v. Sundaram*, 245 Ariz. 566, 568, ¶ 11 (2019).

**¶9**        Section 13-3415(A) reads:

> It is unlawful for any person to use, or to possess with intent to use, drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale or otherwise introduce into the human body a drug in violation of this chapter. Any person who violates this subsection is guilty of a class 6 felony.

Section 13-3415(F)(2) defines "drug paraphernalia" using comparable language:

> all equipment, products and materials of any kind which are used, intended for use or designed for use in planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packaging, repackaging, storing, containing, concealing, injecting, ingesting, inhaling or otherwise introducing into the human body a drug in violation of this chapter.

The statute goes on to enumerate a long list of items intended to fall within the definition of drug paraphernalia, including kits for growing and manufacturing drugs, scales for measuring drugs, and containers for compounding, packaging, and storing drugs. A.R.S. § 13-3415(F)(2).

**¶10**        Section 13-3415(A) does not set forth "the scope of conduct for which a discrete charge can be brought." *Jurden*, 239 Ariz. at 529, ¶ 11. As a general matter, the term "paraphernalia" may be used to describe items in the singular or plural. *See* Am. Heritage Dictionary 1279 (5th ed. 2011); *cf.* A.R.S. § 1-214(B) ("Words in the singular number include the plural, and words in the plural number include the singular."). Section 13-3415 uses the

term in both respects. Therefore, the statute is ambiguous because it can reasonably be read as endorsing an act-based unit of prosecution, as the defendant urges, or an object-based unit of prosecution, as the State proposes.

¶11 We also find A.R.S. § 13-3415(A) amenable to an intent-based interpretation, under which the unit of prosecution would turn on the defendant's intent to use the drug paraphernalia in a manner resulting in a specific drug crime. In this case, an intent-based unit of prosecution would support two convictions under A.R.S. § 13-3415(A)—one for possession of paraphernalia relating to the sale of dangerous drugs and one for possession of paraphernalia relating to the sale of narcotic drugs.

¶12 Having found the text of the statute ambiguous, we turn to secondary methods of construction. The statute's legislative history is bereft of helpful information. Our legislature enacted A.R.S. § 13-3415 (formerly A.R.S. § 13-3411) in 1982 and has made few amendments to the statute since that time. *See* 1982 Ariz. Sess. Laws, ch. 216 (2d Reg. Sess.); 1986 Ariz. Sess. Laws, ch. 256, § 8 (2d Reg. Sess.); 1987 Ariz. Sess. Laws, ch. 307, §§ 23, 27 (1st Reg. Sess.); 1996 Ariz. Sess. Laws, ch. 217, § 5 (2d Reg. Sess.). The statute is patterned on—and nearly identical to—the Model Drug Paraphernalia Act drafted by the United States Department of Justice Drug Enforcement Administration. *See* Dale Joseph Gilsinger, Annotation, *Construction and Application of State Drug Paraphernalia Acts*, 23 A.L.R. 6th 307, § 2 (2007); Annotation, *Validity, Under Federal Constitution, of So-called "Head Shop" Ordinances or Statutes, Prohibiting Manufacture and Sale of Drug Use Related Paraphernalia*, 69 A.L.R. Fed. 15, § 1[c] (1984) (containing the full text of model act).

¶13 The language and context of A.R.S. § 13-3415 demonstrate that its purpose is to deter the commission of drug crimes, both by bolstering the effectiveness of existing drug laws and by preventing the violation of those laws before they occur. The statute is contained in the chapter addressing drug offenses and is violated only upon evidence that the defendant's intended conduct would result in a drug offense. *See* A.R.S. § 13-3415(A), (F)(2). Although, in theory, an act-based, object-based, or intent-based unit of prosecuting paraphernalia possession each would ultimately help deter the commission of drug crimes, as explained below, construing the prosecutable offense as the act of possession is more faithful to the text of the statute, while still fulfilling the goal of deterring drug crimes.

**¶14**       An object-based unit of prosecution offers the poorest fit, considering the language and purpose of A.R.S. § 13-3415. The State relies on A.R.S. § 13-3415(E)'s use of the term "object" to support its argument,[2] but all that shows is that "drug paraphernalia" is not limited to plural objects. Indeed, the State's interpretation is difficult to reconcile with specific examples of "drug paraphernalia" enumerated in A.R.S. § 13-3415(F)(2). For example, "kits" are used to cultivate or manufacture drugs. *See* A.R.S. § 13-3415(F)(2)(a), (b). By definition, a "kit" refers to multiple items, many of which might independently meet the definition of "drug paraphernalia" under the State's object-focused construction. *See* Am. Heritage Dictionary 970 (5th ed. 2011) (variously defining "kit" as a "set of articles or implements used for a specific purpose"; a "set of parts or materials to be assembled"; or "a packaged set of related materials"). Our legislature knows how to draft a statute that makes each object possessed separately prosecutable. *See, e.g.*, *State v. Gutierrez*, 240 Ariz. 460, 465–67, ¶¶ 18–25 (App. 2016) (considering A.R.S. § 13-3102(A)(8), which allows a separate charge for each deadly weapon possessed during the commission of a drug offense); *McPherson*, 228 Ariz. at 560–61, ¶¶ 6–8 (considering A.R.S. § 13-3553(A)(2), which makes each image of child pornography possessed a separate offense "even when those images are acquired at the same time"). Section 13-3415(A) is not so drafted.

**¶15**       Nor does an object-based unit of prosecution squarely respond to the harm A.R.S. § 13-3415(A) seeks to prevent. There is nothing inherently offensive or perilous about an object that is determined to be drug paraphernalia—which can be as innocuous and commonplace as a spoon or plastic bag. What makes the object illicit is the possessor's use or intended use of the object. Because the harm addressed by A.R.S. § 13-3415(A) is not the baggie or scale *per se*, but rather the commission, or intended commission, of a drug crime, an object-based unit of prosecution does not squarely address the policy objective of A.R.S. § 13-3415(A).

**¶16**       Our examination of a statute analogous to A.R.S. § 13-3415(A) is instructive. In *State v. O'Laughlin*, 239 Ariz. 398 (App. 2016), we addressed whether A.R.S. § 13-1505, which prohibits "possession of burglary tools,"

---

[2]       Section 13-3415(E) directs courts and other authorities to consider various factors in "determining whether an object is drug paraphernalia," including statements by the owner "of the object concerning its use, . . . the proximity of the object to drugs," and the presence of drug residue. *See* A.R.S. § 13-3415(E)(1), (4), (5).

involved "separate offenses based on the nature or type [or number] of tool[s] or a single offense." *Id.* at 401, ¶ 6. O'Laughlin contended the jury did not convict him of violating A.R.S. § 13-1505 by a unanimous verdict because the court instructed the jurors to find him guilty if they found he possessed a "flashlight, knife, [and/or] gloves." *Id.* at 400, ¶ 4. In essence, he argued that the unit of prosecution under A.R.S. § 13-1505 was object-based. We disagreed. Finding the purpose of the statute to be the prevention of property crime, we held that the allowable unit of prosecution under A.R.S. § 13-1505 was "unaffected by the number of tools" possessed. *Id.* at 401, ¶ 6. Whether O'Laughlin violated the statute by possessing "a flashlight, gloves, or a knife [did] not alter the harm." *Id.* at 402, ¶ 10. *See also State v. Hoffman*, 78 Ariz. 319, 328 (1955) (holding the defendant's conviction of two counts of selling assets with intent to defraud constituted double jeopardy because the offense was defined by the sale conduct, not the number or type of objects sold); *State v. Reisig*, 128 Ariz. 60, 62 (App. 1980) (defendant's "simultaneous possession of nine articles of property without serial numbers" constituted a single violation of the statute prohibiting "[p]ossession of altered property" (citing A.R.S. § 13-2306)).

¶17 Section 13-3415(A) is similar in significant respects to the burglary tools statute. Both aim to deter a broad category of crime by criminalizing the possession of otherwise innocuous items made illicit by the possessor's intended use. In neither case is there a natural correlation between the kind or number of tools or paraphernalia possessed on a single occasion and the amount of potential harm. Absent such a relationship, permitting each object of paraphernalia to support a separate charge under A.R.S. § 13-3415(A) would create a misalignment between the policy objective of the statute and its consequences in practice. *Cf. Jurden*, 239 Ariz. at 531, ¶ 23 (where the harm is the same regardless of the number of victims, permitting separate charges for each victim would "not further the statute's purpose"). By contrast, consider *Gutierrez*, in which we noted that allowing a separate charge under A.R.S. § 13-3102(A)(8) for each weapon promoted the statute's purpose because "[e]ach weapon a defendant uses or possesses renders the predicate offense incrementally more dangerous." 240 Ariz. at 467, ¶ 24.

¶18 Excluding an object-based unit of prosecution leaves us with deciding between an intent- or act-based offense. An intent-based construction does have some statutory support. First, A.R.S. § 13-3415(A) expressly requires the State to prove the defendant intended to use the paraphernalia in a manner that would cause a violation of Arizona's drug laws. Second, Arizona voters have decided that one type of violation under

A.R.S. § 13-3415(A)—paraphernalia possessed for personal use not involving methamphetamine—should be treated more leniently than possession for other purposes. *See* A.R.S. § 13-901.01(A), (H)(4) (probation available if paraphernalia associated with personal use not involving methamphetamine, approved by voters in 2002 and 2006).

**¶19** Ultimately, however, these statutory considerations do not convince us that an offense under A.R.S. § 13-3415(A) turns on the defendant's intent to commit a particular drug crime. The composition of A.R.S. § 13-3415(A) favors an act-based unit of prosecution over an intent-based construction. The provision does not refer to a specific type of drug crime, and the title of the statute refers simply to "[p]ossession . . . of drug paraphernalia" without further distinction. *Cf. State v. Forrester*, 134 Ariz. 444, 447 (App. 1982) (considering the title of a statute in determining whether it describes "a single offense which may be committed in more than one way" or distinct acts describing separate crimes). The language of A.R.S. § 13-3415 makes it conceivable, even if unlikely under real-world circumstances, that a defendant could be found guilty of possessing drug paraphernalia without evidence linking the paraphernalia to a specific drug offense. These considerations suggest that the emphasis of A.R.S. § 13-3415(A), and the conduct on which the offense turns, is the act of possession.

**¶20** The history of the Model Drug Paraphernalia Act, whose provision prohibiting paraphernalia possession is identical in all relevant respects to A.R.S. § 13-3415(A), provides further support for an act-based interpretation. The drafters of the model act indicated that its intent language was designed to eliminate the potential for constitutional vagueness concerns—not to delineate the scope of conduct for which a discrete charge could be brought. *See* Linda B. Corwin, *Anti-Drug Paraphernalia Laws: Void for Vagueness*, 60 B.U. L. Rev. 453, 463–66 (1981).

**¶21** The probation-eligibility provisions of A.R.S. § 13-901.01 do not alter our interpretation. Treating personal possession of non-methamphetamine-related paraphernalia more leniently does not, by itself, show an intent to associate the unit of prosecution under A.R.S. § 13-3415(A) with the defendant's intent to commit a particular drug crime. *Cf. State v. West*, 238 Ariz. 482, 490, ¶ 22 (App. 2015) (child abuse statute defines a single offense even though it provides for different punishments depending on the defendant's mental state). Indeed, our legislature's decision to classify every paraphernalia possession as a Class 6 felony—regardless of the paraphernalia's intended use—suggests it did not envision using A.R.S. § 13-3415(A) as a means to distinguish between

different harms created by different drug conduct. Considering its place in the statutory scheme, the paraphernalia statute is reasonably read as a complement to other drug laws, and defendants charged with possessing paraphernalia remain subject to the punishments imposed under those laws. *Cf. Jurden*, 239 Ariz. at 532, ¶ 25 (reasoning that the resisting-arrest statute does not require a victim-based unit of prosecution to fulfill the purpose of protecting individual officers because state assault statutes separately offer that protection).

**¶22** We are, therefore, unpersuaded by the State's contention that treating a defendant who possesses multiple items of drug paraphernalia for producing or distributing drugs the same as a defendant who possesses one item of paraphernalia for personal use would lead to an "absurd result." Statutes other than A.R.S. § 13-3415(A) already respond to the different harms caused by those variations in conduct. The State offers no decision, nor have we uncovered one in our research, in which consecutive sentences were imposed for multiple convictions of possessing drug paraphernalia on a single occasion.

**¶23** We conclude that the act of possessing drug paraphernalia best reflects the unit of prosecution under A.R.S. § 13-3415(A) because it best fits with the language of the statute while addressing its policy objectives within the statutory scheme as a whole. Because the record shows that Soza simultaneously possessed the baggies and scale found to be drug paraphernalia in this case, he committed only one violation of A.R.S. § 13-3415(A).[3] *See State v. Williams*, 232 Ariz. 158, 160–61, ¶ 9 (App. 2013) (citing *Ball v. United States*, 470 U.S. 856, 864 (1985), for the rule that a second conviction for the same offense must be vacated even if a concurrent sentence is imposed).

---

[3] Our decision does not prevent the State from charging a defendant with multiple counts under A.R.S. § 13-3415(A) if the defendant committed sufficiently distinct acts of possession based on time or location. *See United States v. Dyer*, 750 F. Supp. 1278, 1298–99 (E.D. Va. 1990) (prosecution for each offer for sale of paraphernalia consistent with allowable unit of prosecution).

## B.	There Is No Error Concerning Soza's Prior Convictions.

¶24	Soza testified at his trial, which subjected him to impeachment with his prior felony convictions. *See* Ariz. R. Evid. 609(a)(1)(B). Before trial, the superior court limited the prosecution to impeaching Soza with only three specified priors, even though Soza had many more.

¶25	On direct examination, defense counsel preemptively asked Soza whether he had three prior felony convictions, and Soza responded in the affirmative. Defense counsel continued, "Now, about those three prior convictions, did you take plea agreements in those cases?" Soza answered, "Yes, I did," and the State objected. At a sidebar, the court stated it would sustain the State's objection because the circumstances of Soza's prior convictions were irrelevant and defense counsel's question "create[d] a false impression" that Soza "only ha[d] three priors." The court did not inform the jury it had sustained the objection, and defense counsel proceeded to a different line of questioning without the court striking Soza's answer.

¶26	Soza argues on appeal that by sustaining the State's objection, the superior court improperly prevented defense counsel from rehabilitating his credibility by showing that he had accepted responsibility in the prior cases. However, the jurors heard that Soza pled guilty for his previous convictions, and the State did not ask the court to strike the answer. Whether sustaining the objection at the sidebar was error is not an issue before us because it had "no consequence" in the trial. *State v. Reese*, 26 Ariz. App. 251, 254 (1976).

## CONCLUSION

¶27	We vacate three of Soza's convictions and sentences for possession of drug paraphernalia and modify the judgment to reflect a single conviction under A.R.S. § 13-3415(A). We affirm the other convictions and sentences.

