NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

PAUL CURTIS WILLIAMSON, JR., *Appellant.*

No. 1 CA-CR 19-0421
FILED 8-4-2020

Appeal from the Superior Court in Maricopa County
No. CR 2017-143919-001
The Honorable Annielaurie Van Wie, Judge *Pro Tempore*

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By, Joseph T. Maziarz, Michael T. O'Toole, Alice M. Jones
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Cory Engle
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge David B. Gass and Judge Michael J. Brown joined.

**P E R K I N S**, Judge:

¶1        Paul Curtis Williamson, Jr. appeals his conviction for possession of drug paraphernalia. For the following reasons, we affirm as modified.

### FACTUAL AND PROCEDURAL HISTORY

¶2        Mid-morning in late March 2017, a Mesa law enforcement officer knocked on a hotel room door attempting to serve an arrest warrant. A woman—not the subject of the warrant—answered the door. From the doorway, the officer saw a long counter to the left with a bag containing a white crystalline substance. He also saw Williamson asleep on a bed to the right.

¶3        The woman who answered the door invited the officer into the hotel room and claimed she was only there visiting a friend. The officer then identified a straw and a glass pipe located near the bag of the crystalline substance. The officer woke Williamson and questioned him. Williamson said that the bag of the crystalline substance and the straw was his for ingesting methamphetamine, and a forensic scientist later confirmed the substance was methamphetamine. Williamson claimed that the glass pipe belonged to a friend who used it to ingest methamphetamine, though he did not identify that friend. Williamson also stated that a friend had registered for him to use the room. Police then arrested Williamson.

¶4        The State charged Williamson with one count of possession of dangerous drugs and two counts of possession of drug paraphernalia (one count for possession of the straw and another count for the pipe). At the close of evidence, Williamson moved for judgment of acquittal under Arizona Rule of Criminal Procedure 20, which the court denied. A jury found Williamson guilty on all three counts.

¶5        Williamson timely appealed his conviction of possession of drug paraphernalia pertaining to the pipe.

**DISCUSSION**

**¶6**        Williamson argues the trial court erred in denying his Rule 20 motion for acquittal because it lacked sufficient evidence at trial that he possessed the pipe. We review sufficiency of evidence for a Rule 20 motion for judgment of acquittal de novo. *State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011).

**¶7**        "[T]he court must enter a judgment of acquittal on any offense charged . . . if there is no substantial evidence to support a conviction." Ariz. R. Crim. P. 20(a). "Substantial evidence . . . is such proof that reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt." *West*, 226 Ariz. at 562, ¶ 16 (quoting *State v. Mathers*, 165 Ariz. 64, 67 (1990)). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Mathers*, 165 Ariz. at 66). "Both direct and circumstantial evidence should be considered" to determine whether substantial evidence supports a conviction when reviewing a ruling on a Rule 20 motion. *Id.*

**¶8**        Williamson claims insufficient evidence showed that he possessed, with intent to use, the glass pipe. *See* A.R.S. § 13-3415(A). In support, Williamson says that he did not use the pipe and it belonged to a friend. To "possess" is to "knowingly . . . exercise dominion or control over property." A.R.S. § 13-105(34). "Possession may be actual or constructive." *State v. Gonsalves*, 231 Ariz. 521, 523, ¶ 9 (App. 2013). Constructive possession means the possessor either exercised dominion and control over the object or the "location in which the substance was found." *State v. Teagle*, 217 Ariz. 17, 27, ¶ 41 (App. 2007). Constructive possession need not be exclusive. *Gonsalves*, 231 Ariz. at 523, ¶ 9.

**¶9**        In viewing the evidence in the light most favorable toward affirming the conviction, *West*, 226 Ariz. at 562, ¶ 15, a reasonable fact finder could determine Williamson guilty of possession of the pipe. We reject Williamson's suggestion that he did not possess the pipe because it belonged to his friend. Williamson occupied the hotel room when the officer found him. While Williamson did not register the room in his name, he admitted that someone else registered the room for his use. Given that the officer found the pipe in the hotel room, a reasonable fact finder could have concluded that Williamson constructively possessed the pipe through his dominion and control over the room.

¶10 Williamson also claims that he did not use the pipe and therefore should not have been convicted of possession of the pipe. But Williamson need not have used the pipe to have possessed the pipe for a conviction under A.R.S. § 13-3415(A). *State v. Gill*, 248 Ariz. 274, 278, ¶ 11 (App. 2020) (upholding a conviction for possession with intent to use a measuring scale). Williamson's knowledge of the pipe's existence and use combined with his constructive control of the room was sufficient evidence for the jury to find him guilty of possession with intent to use the pipe. *See* A.R.S. § 13-3415(A); *Teagle*, 217 Ariz. at 27, ¶ 41.

¶11 The State charged Williamson separately for both the pipe and the straw. In *State v. Soza*, we held "that the act of possessing drug paraphernalia best reflects the unit of prosecution under A.R.S. § 13-3415(A) . . . ." 249 Ariz. 13, 18, ¶ 23 (App. 2020). We invited supplemental briefing on the application of *Soza* to this case, but the State did not timely file a supplemental brief. After the deadline, the State filed a notice of concession of error in lieu of a supplemental brief, which we now accept. Under *Soza*, the State may not charge an individual with separate counts of possession of drug paraphernalia for simultaneously possessed objects. *Id.* This ruling applies retroactively. *State v. Slemmer*, 170 Ariz. 174, 181–82 (1991) (Arizona applies federal retroactivity jurisprudence); *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004) (applying a "new rule" interpreting a criminal statute retroactively). Williamson's two paraphernalia convictions arose from his possession of both a pipe and a straw, but Williamson only committed one "act" of possession, by possessing both objects at the same time. Under *Soza*, Williamson cannot be convicted on two separate counts for the straw and pipe. The appropriate remedy for a duplicative sentence is merger. *Merlina v. Jejna*, 208 Ariz. 1, 4, ¶ 14 n.4 (App. 2004). Accordingly, we vacate Williamson's conviction on count three for possession of drug paraphernalia and merge that sentence into count two to reflect a single sentence.

## CONCLUSION

¶12 The evidence at trial was sufficient for a reasonable jury to find Williamson guilty of one count of possession of dangerous drugs and one count of possession of drug paraphernalia. We affirm Williamson's convictions on count one and two, but vacate his conviction on count three

¶13        and merge the two sentences into one.



AMY M. WOOD • Clerk of the Court
FILED:    AA