NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

KENNETH CHARLES WATERS, *Appellant.*

No. 1 CA-CR 20-0527
FILED 9-23-2021

Appeal from the Superior Court in Maricopa County
No.  CR2016-119672-001
The Honorable Joseph P. Mikitish, Judge

**AFFIRMED IN PART; VACATED IN PART**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Rena Glitsos
*Counsel for Appellant*

Kenneth Charles Waters, Globe
*Appellant*

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Lawrence F. Winthrop[1] joined.

**B A I L E Y**, Judge:

**¶1**   This is an appeal under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for defendant Kenneth Charles Waters filed a brief advising the court that, after searching the entire record, he is unable to discover any arguable questions of law and requesting that this court conduct an *Anders* review. Waters filed a supplemental brief pro se. For following reasons, we vacate one of Waters' convictions and sentences for possession of drug paraphernalia. We affirm his other convictions and sentences.

**FACTS AND PROCEDURAL HISTORY[2]**

**¶2**   In April 2016, Mesa police officers executed a search warrant on Waters' residence. During the search, officers recovered 41 grams of methamphetamine, glass pipes, a scale, a large amount of cash, and a sawed-off shotgun.

**¶3**   Waters admitted to police that he owned the residence and the methamphetamine found inside, that he sold methamphetamine, and that his fingerprints were on the shotgun. The state indicted Waters on one

---

[1] Judge Lawrence F. Winthrop was a sitting member of this court when the matter was assigned to this panel of the court. He retired effective June 30, 2021. In accordance with the authority granted by Article 6, Section 3, of the Arizona Constitution and under Arizona Revised Statutes ("A.R.S.") section 12-145, the Chief Justice of the Arizona Supreme Court has designated Judge Winthrop as a judge *pro tempore* in the Court of Appeals, Division One, to participate in resolving cases assigned to this panel during his term in office.

[2] On appeal, we view the evidence in the light most favorable to sustaining the conviction and resolve all reasonable inferences against Waters. *See State v. Karr*, 221 Ariz. 319, 320, ¶ 2 (App. 2008).

count of possession of dangerous drugs for sale, a Class 2 felony (count 1); one count of misconduct involving weapons, a Class 4 felony (count 2); and two counts of possession of drug paraphernalia, Class 6 felonies (counts 3 and 4).

**¶4** Following a five-day trial in May 2018, the jury convicted Waters on all counts. Waters, who was released on bond, absconded before the jury returned its verdict. He was arrested in October 2018, just over four months after he was convicted, and the trial court sentenced him to 7.5 years' imprisonment on count one and placed him on probation for the remaining counts.

## DISCUSSION

I.      Jurisdiction

**¶5** We have an independent obligation "to determine whether we have jurisdiction over matters on appeal." *State v. Raffaele*, 249 Ariz. 474, 478, ¶ 9 (App. 2020). "Our jurisdiction is prescribed by statute and we have no authority to entertain an appeal over which we do not have jurisdiction." *State v. Limon*, 229 Ariz. 22, 23, ¶ 3 (App. 2011).

**¶6** Criminal defendants have a constitutional right to appeal in all cases. Ariz. Const. art. 2, § 24; *accord Raffaele*, 249 Ariz. at 478, ¶ 10; *State v. Bolding*, 227 Ariz. 82, 87, ¶ 16 (App. 2011). This constitutional right has been codified by A.R.S. § 13-4033. But a defendant is barred from appealing a final judgment of conviction "if the defendant's absence prevents sentencing from occurring within ninety days after conviction and the defendant fails to prove by clear and convincing evidence at the time of sentencing that the absence was involuntary." A.R.S. § 13-4033(C). The statute "essentially permit[s] an implied waiver of a non-pleading defendant's right to a direct appeal." *Bolding*, 227 Ariz. at 87, ¶ 16.

**¶7** Before finding a defendant has waived his right to appeal, "there must first be a finding that the waiver was knowing, voluntary, and intelligent." *Raffaele*, 249 Ariz. at 478, ¶ 12. At a pretrial hearing, the superior court advised Waters that if his absence prevented the court from sentencing him within 90 days of his conviction, he may lose his right to appeal. The record shows that Waters acknowledged his absence was voluntary when he apologized to the court at his sentencing hearing: "I'm sorry for taking up the Court's time, and I'm sorry I didn't make it back for deliberations. My lawyer informed me that I might lose, I got scared and ran."

¶8 But it was the state's burden to show Waters' absence was knowing, voluntary and intelligent. *See id.* at 479, ¶ 13. The state did not raise the issue at sentencing, and the superior court did not make findings that Waters waived his right to appeal. *See id.* at ¶ 14. "A court can infer that the 'absence [of a defendant] is voluntary if the defendant had personal notice of the time of the proceeding, the right to be present at it, and a warning that the proceeding would go forward in his . . . absence should he . . . fail to appear.'" *Bolding*, 227 Ariz. at 88, ¶ 19 (alteration in original) (quoting Ariz. R. Crim. P. 9.1). We have determined, however, such an inference is not ours to make for the first time on appeal, "and that the superior court must make such a finding at the time of sentencing." *Raffaele*, 249 Ariz. at 479, ¶ 15. Because the court made no such findings, we conclude that we have jurisdiction under A.R.S. § 13-4033(A)(1).

II.     Waters' Supplemental Brief

¶9 On appeal, Waters argues the superior court abused its discretion and the prosecutor withheld exculpatory evidence.[3] We address his arguments in turn.

¶10 To present his third-party culpability defense, Waters intended to call J.W.[4] to testify about living in the home with Waters. Waters argues the superior court erred when it allowed J.W. to invoke the Fifth Amendment right against self-incrimination outside the presence of the jury. We review the "court's decision to excuse a witness asserting the privilege against self-incrimination for abuse of discretion." *State v. Rosas-Hernandez*, 202 Ariz. 212, 216, ¶ 10 (App. 2002).

¶11 Here, the court held a hearing outside the jury's presence to determine the basis and extent of J.W.'s invocation of the Fifth Amendment. *See State v. Maldonado*, 181 Ariz. 208, 210 (App. 1994). Waters does not dispute J.W. validly asserted the Fifth Amendment, but argues that the

---

[3] Waters argues both his trial and appellate counsel were ineffective. We do not address these claims because "ineffective assistance of counsel claims are to be brought in Rule 32 proceedings," and "[a]ny such claims improvidently raised in a direct appeal . . . will not be addressed by appellate courts regardless of merit." *State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9 (2002). We note "[t]here will be no preclusive effect under Rule 32 by the mere raising of such issues." *Id.*

[4] Initials are used to protect the victims' privacy. *State v. Maldonado*, 206 Ariz. 339, 341, ¶ 2 n.1 (App. 2003).

invocation should have been communicated to the jury. On this record, the decision to preclude J.W.'s testimony was not an abuse of discretion. *See id.* at 211 n.1 (noting that once the court determines a witness may validly assert the Fifth Amendment privilege, "that witness may be totally excused without violating an individual's Sixth Amendment right[s]"). We also find no error, let alone fundamental error, in the court's failure to instruct the jury that J.W. invoked the Fifth Amendment privilege. *See State v. Escalante*, 245 Ariz. 135, 138, ¶ 1 (2018) (setting the standard of review when a defendant fails to object to trial error).

¶12 Waters next contends the superior court erred in denying his motion for new counsel. But the record on appeal does not include the trial court's oral or written ruling on Waters' motion. "When an incomplete record is presented to an appellate court, [we] must assume that any testimony or evidence not included in the record on appeal supported the action taken by the trial court." *State v. Villalobos*, 114 Ariz. 392, 394 (1977).

¶13 Waters further argues the superior court abused its discretion when it precluded some jury questions and evidence related to the search warrant. "The trial court is invested with considerable discretion to determine whether evidence is admissible," and "[w]e will not disturb a court's determination absent an abuse of discretion." *State v. Mills*, 196 Ariz. 269, 273, ¶ 18 (App. 1999) (internal quotation marks and citation omitted). Waters has not shown the court abused its discretion in ruling on the jury questions and precluding evidence about law enforcement's basis for obtaining the search warrant. Furthermore, we find these arguments to be invited error. During trial, Waters objected to jury questions, including those about the search warrant. "We will not reverse, even for allegedly fundamental error, if the defendant invited the error." *State v. Musgrove*, 223 Ariz. 164, 167, ¶ 8 (App. 2009).

¶14 Finally, Waters argues the prosecutor withheld exculpatory evidence. The record contradicts Waters' argument. The search warrant that Waters complains was withheld from him, was unsealed and available to him following the prosecution's motion. Waters' claim that J.W. was given leniency in exchange for providing information which led to the search warrant is unsupported by the record. As to the remaining evidence Waters claims was withheld, the record reveals a witness at trial testified to much of it. Accordingly, Waters has not shown any error.

III.     Convictions for Possession of Drug Paraphernalia

**¶15**          Waters was convicted of two counts of possession of drug paraphernalia, count three for a pipe and count four for a scale, both of which were found in Waters' home when the warrant was executed. We recently held that a defendant who simultaneously possesses multiple objects of paraphernalia commits only one violation of A.R.S. § 13-3415(A). *State v. Soza*, 249 Ariz. 13, 18, ¶ 23 (App. 2020); *see State v. Slemmer*, 170 Ariz. 174, 180 (1991) (stating new law applies retroactively to cases pending on direct appeal). Even if ordered to run concurrently, multiple sentences imposed for the same offense is fundamental error. *Soza,* 249 Ariz. at 14, 18, ¶¶ 6, 23.  Accordingly, we vacate one of Waters' convictions and sentences for possession of drug paraphernalia and modify the judgment to reflect a single conviction under A.R.S. § 13-3415(A). *See Soza*, 249 Ariz. at 19, ¶ 27.

**CONCLUSION**

**¶16**          We vacate one of Waters' convictions and sentences for possession of drug paraphernalia and modify the judgment to reflect a single conviction for that offense. We affirm his other convictions and sentences. We found no other error after searching the record and reviewing the briefs.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999) (providing guidelines for briefs when counsel has determined no arguable issues to appeal).  The record shows Waters was represented by counsel at all stages of the proceedings and counsel was present at all critical stages. All proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure.  The sentences imposed were within statutory limits.

**¶17**          Upon the filing of this decision, defense counsel is directed to inform Waters of the status of his appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).  Waters shall have 30 days from the date of this decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.

