NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

RAE ANN KAY LANGSTON, *Appellant.*

No. 1 CA-CR 19-0302
FILED 6-16-2022

Appeal from the Superior Court in Maricopa County
No. CR2018-103323-001
The Honorable John R. Hannah, Jr., Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eliza C. Ybarra
*Counsel for Appellee*

Ortega & Ortega, PLLC, Phoenix
By Alane M. Ortega
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge James B. Morse Jr. and Judge Paul J. McMurdie joined.

---

**C R U Z**, Judge:

¶1        Rae Ann Kay Langston appeals her convictions for possession of drug paraphernalia.  For the following reasons, we affirm as modified.

### FACTUAL AND PROCEDURAL HISTORY

¶2        Mesa police pulled Langston over for a traffic violation one evening in 2018.  The stop turned into a DUI investigation, and police arrested and searched Langston.  During the search, police found methamphetamine in Langston's clothing.  An officer interviewed Langston at the police station, and she disclosed that she was a "low-time dealer" and had more drugs at her residence.

¶3        Officers searched Langston's residence and found marijuana, methamphetamine, drug paraphernalia, and a gun.  The State charged Langston with two counts of possession of dangerous drugs for sale (counts 1 and 2), possession of marijuana for sale (count 3), two counts of misconduct involving weapons (counts 4 and 5), attempted tampering with physical evidence (count 6), and four counts of possession of drug paraphernalia (counts 7, 8, 9, and 10).

¶4        On the State's motion, one of the misconduct involving weapons charges was dismissed.  Langston was convicted as charged on the remaining misconduct involving weapons charge and the drug-related charges, including all four counts of possession of drug paraphernalia.  The jury acquitted her of attempted tampering with physical evidence.  The superior court sentenced Langston to mitigated, concurrent terms—10.5 years for counts 1 and 2, 6 years for count 3, 8 years for count 4, and 2.25 years for counts 7, 8, 9, and 10.  Langston timely appealed.

¶5        Defense counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), which we struck for its failure to comply with *Anders* and related cases. Our August 2020 order striking the *Anders* brief directed Langston's counsel to file an advocate's brief setting forth any non-frivolous issues, including "whether any of appellant's drug paraphernalia

convictions should be vacated, given this court's recent opinion in *State v. Soza*, 249 Ariz. 13, 14, ¶ 1 (App. 2020) (holding "that a defendant who simultaneously possesses multiple objects of drug paraphernalia commits only one violation of A.R.S. § 13-3415(A)").

¶6 Instead of filing an advocate's brief, counsel filed another *Anders* brief. Noting that counsel had failed to comply with our August 2020 order, we again ordered counsel to file an advocate's brief, and counsel did so in January 2021.

¶7 In February 2021, before filing its answering brief, the State moved to stay this appeal because the Arizona Supreme Court had granted review in *Romero-Millan v. Barr*, 253 Ariz. 24 (2022), and was to decide issues relevant to Langston's drug paraphernalia convictions. We stayed Langston's appeal until the Supreme Court issued its opinion in *Romero-Millan* on April 19, 2022.[1] Thereafter, we lifted our stay, the State filed its answering brief, and Langston filed a reply brief. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A).

## DISCUSSION

¶8 The State charged Langston separately for possessing a scale for weighing methamphetamine, a scale for weighing marijuana, a baggie associated with methamphetamine, and a baggie associated with marijuana, and she was convicted of and sentenced to 2.25 years in prison for all four counts. Langston argues, and the State agrees, that her four drug paraphernalia convictions should be merged into a single count, with a single sentence imposed. *See Merlina v. Jejna*, 208 Ariz. 1, 4, ¶ 14 n.4 (App. 2004) (the proper remedy for duplicative sentences is merger). Because this issue was not raised below, we review for fundamental error. *State v. Jurden*, 239 Ariz. 526, 528, ¶ 7 (2016).

¶9 The *Romero-Millan* court did not answer the question of whether drug paraphernalia convictions could be divisible by type of drug. However, as the State acknowledges, under *Soza*, our opinion (which the State agrees was correctly decided), the State may not charge a defendant with separate counts of drug paraphernalia for simultaneously possessed objects. 249 Ariz. at 18, ¶ 23. Acts of possession that are sufficiently distinct

---

[1] In *Romero-Millan*, the Arizona Supreme Court ultimately declined to answer either question certified to it by the Ninth Circuit Court of Appeals pertaining to drug paraphernalia. 253 Ariz. at 26-27, ¶¶ 2, 7, 11.

in time and place may qualify for multiple counts of drug paraphernalia possession. *Id.* at 18, ¶ 23 n.3. Because the record here shows that Langston simultaneously possessed the baggies and scales found by police in her home on the evening of the search, she committed only one violation of A.R.S. § 13-3415(A). Accordingly, we vacate Langston's convictions on counts 8, 9, and 10 for possession of drug paraphernalia and merge the sentences for counts 8, 9, and 10 into count 7 to reflect a single sentence of 2.25 years in prison.

## CONCLUSION

**¶10** For the foregoing reasons, we affirm Langston's conviction and sentence for drug paraphernalia on count 7. We further modify by merging her convictions and sentences for counts 8, 9, and 10 into count 7 to reflect a single conviction and sentence.



AMY M. WOOD • Clerk of the Court
FILED:   AA

4