NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

TAMARA DAWN MASER, *Petitioner*.

No. 1 CA-CR 23-0503 PRPC

FILED 10-29-2024

Petition for Review from the Superior Court in Yavapai County
Nos. V1300CR202090268, V1300CR202190183
The Honorable Michael R. Bluff, Judge

**REVIEW GRANTED; RELIEF DENIED IN PART**

APPEARANCES

Yavapai County Attorney's Office, Phoenix
By Larissa Parker
*Counsel for Respondent*

Tamara Dawn Maser, Goodyear
*Petitioner*

---

**MEMORANDUM DECISION**

---

Presiding Judge Michael J. Brown, Judge D. Steven Williams, and Judge Daniel J. Kiley delivered the decision of the Court.

---

**PER CURIAM:**

**¶1** Petitioner Tamara Dawn Maser seeks review of the superior court's order dismissing her notice for post-conviction relief. This is petitioner's second post-conviction relief proceeding.

**¶2** Absent an abuse of discretion or error of law, this court will not disturb the superior court's denial of post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012). It is petitioner's burden to show that the superior court abused its discretion. *See State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011) (petitioner has burden of establishing abuse of discretion on review).

**¶3** We have reviewed the record in this matter, the superior court's order denying post-conviction relief, the petition for review, the State's response, and petitioner's reply. We find that petitioner has not established an abuse of discretion.

**¶4** Even though petitioner has not established a right to relief in her petition for review, our independent review of the record has revealed a double jeopardy violation that Maser did not raise. "Although we do not search the record for fundamental error, we will not ignore it when we find it." *State v. Fernandez*, 216 Ariz. 545, 554, ¶ 32 (App. 2007).

**¶5** In *State v. Soza*, 249 Ariz. 13, 14, ¶ 1 (App. 2020), we held that a "defendant who simultaneously possesses multiple objects of drug paraphernalia commits only one violation" of A.R.S. § 13-3415(A). Imposing multiple convictions for a single violation of § 13-3415(A) is a double jeopardy violation that constitutes fundamental error, *id.* at ¶ 6, even if the defendant receives concurrent sentences, *State v. Carter*, 249 Ariz. 312, 315, ¶ 1 n.1 (2020). Maser's two convictions for possession of drug paraphernalia in Case No. V1300CR202180183 run afoul of *Soza* because she possessed both items of paraphernalia in the same place at the same time. *See Soza*, 249 Ariz. at 14, ¶ 6 (different items of paraphernalia all found in trunk of car). Maser did not waive this double jeopardy violation by

pleading guilty. *See Menna v. New York*, 423 U.S. 61, 62 n.2 (1975) (guilty plea does not waive double jeopardy violation claim "that the State may not convict petitioner no matter how validly his factual guilt is established"); *State v. Millanes*, 180 Ariz. 418, 421 (App. 1994) ("A double jeopardy claim is inherently different than the usual claim of error in that double jeopardy is independent of the issue of guilt.").

**¶6** For the foregoing reason, we vacate one of Maser's two convictions and sentences for possession of drug paraphernalia in Case No. V1300CR202180183 and modify the judgment to reflect a single conviction under A.R.S. § 13-3415(A). *See Soza*, 249 Ariz. at 19, ¶ 27. We otherwise deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AGFV