NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

KENNETH SHAWN FRASARD, *Appellant.*

No. 1 CA-CR 24-0020
FILED 03-13-2025

Appeal from the Superior Court in Yavapai County
No. V1300CR202280451
The Honorable Michael P. McGill, Judge

**AFFIRMED IN PART; VACATED IN PART**

COUNSEL

C. Kenneth Ray II, P.L.L.C, Prescott
By C. Kenneth Ray II
*Counsel for Appellant*

Kenneth Shawn Frasard, Eloy
*Appellant*

---

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Brian Y. Furuya and Judge David D. Weinzweig joined.

---

**M O R S E**, Judge:

¶1        Kenneth Shawn Frasard appeals his convictions and sentences for the following Counts: (1) Possession of Dangerous Drugs (Methamphetamine) for Sale, a class 2 felony; (2) Possession of Narcotic Drugs (Fentanyl) for Sale, a class 2 felony; (3) Possession of Marijuana for Sale, a class 4 felony; (4) Misconduct Involving Weapons, a class 4 felony; (5) Possession of Drug Paraphernalia (Involving Methamphetamine), a class 6 designated felony; (6) Possession of Drug Paraphernalia (non-Methamphetamine related), a class 6 designated felony; and (7) Misconduct Involving Weapons, a class 4 felony.

¶2        After searching the entire record, Frasard's defense counsel identified no arguable, non-frivolous question of law.  In accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel asks this Court to search the record for fundamental error.  Frasard filed a supplemental brief *in propria persona*, which we have considered.  For the following reasons, we vacate the conviction and sentence for Count 6 but affirm his remaining convictions and sentences.

## FACTS AND PROCEDURAL BACKGROUND

¶3        In August 2022, police executed a search warrant for Frasard's residence, surrounding property, and truck.  Officers found and seized methamphetamine, fentanyl, marijuana, two large knives, drug paraphernalia, and a cellphone containing messages indicative of drug sales.  A scientific expert from the Arizona Department of Public Safety confirmed the authenticity of the drugs.

¶4        The State charged Frasard with the seven counts listed, *supra* ¶ 1.  Prior to trial, Frasard moved to suppress evidence gathered pursuant to the search warrant.  He argued the search warrant was unreliable, lacked sufficient detail, and was not lawfully issued or supported by probable cause.  The superior court held a hearing and denied the motion.

**¶5**        Frasard pled guilty to Count 7, and the remaining counts proceeded to trial.  During trial, the State presented testimony from officers and a forensic scientist who tested the authenticity of the seized drugs.  The State also presented body-worn-camera footage of the search and messages and videos indicative of drug transactions found on Frasard's cellphone.

**¶6**        The jury found Frasard guilty on Counts 1–6.  Following trial, he: (1) stipulated to a sentencing enhancement for committing a felony offense while on release, mandating an additional two years' imprisonment; and (2) waived his right to a jury trial regarding his prior felony convictions and committing the offenses for pecuniary gain.

**¶7**        At sentencing, the superior court reviewed evidence and found Frasard had three historical prior felony convictions, rendering him a category-three repetitive offender.  The superior court also found aggravators of at least one prior felony conviction in the last 10 years, and that Frasard committed the offenses for pecuniary gain.  Last, the court found an enhancement due to the offenses being committed while on release.  The court sentenced Frasard to aggravated, concurrent prison terms, with an additional two years per Count for committing the offenses while on release.  The longest sentence was 18 years' flat time, plus two years for the on-release sentencing enhancement.  It also awarded 500 days of presentence-incarceration credit.

**¶8**        Frasard timely appealed, and we have jurisdiction under A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

**¶9**        Frasard raises several issues in his supplemental brief that he failed to raise at trial.  Thus, we review only for fundamental, prejudicial error.  *State v. Escalante*, 245 Ariz. 135, 140, ¶ 12 (2018).  We view the facts in the light most favorable to sustaining Frasard's convictions and resolve all reasonable inferences against him.  *State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

## I.    Sentence and Aggravators.

**¶10**        Frasard challenges the superior court's resulting sentence having applied his aggravators and sentencing enhancements.

**¶11**        "We review a superior court's sentencing decision for an abuse of discretion."  *State v. Burns*, 231 Ariz. 563, 564, ¶ 6 (App. 2013).  Here, Frasard stipulated that he committed the charged offenses while on release.

And he received a legally sufficient colloquy before waiving his right to a jury trial regarding allegations of prior felony convictions and committing the offenses for pecuniary gain. The superior court heard evidence, including Frasard's own admission to prior offenses, during trial. Accordingly, no fundamental, prejudicial error occurred. *Escalante*, 245 Ariz. at 140, ¶ 12.

## II.    Confrontation Clause Rights and Search Warrant Challenge.

**¶12**        Frasard argues that his Confrontation Clause rights were violated because certain evidence was admitted without affording him an opportunity to confront the source, a confidential informant.

**¶13**        The Sixth Amendment prohibits introduction of testimonial statements by a non-testifying witness, unless the witness is "unavailable to testify, and the defendant had had a prior opportunity for cross-examination." *Ohio v. Clark*, 576 U.S. 237, 243 (2015) (citing *Crawford v. Washington*, 541 U.S. 36, 54 (2004)). "At a suppression hearing, the court may rely on hearsay and other evidence, even though that evidence would not be admissible at trial." *United States v. Raddatz*, 447 U.S. 667, 679 (1980); *see also State v. Riley*, 196 Ariz. 40, 43, ¶ 7 (App. 1999) ("It is well established, however, that confrontation rights do not apply to the same extent at a pretrial suppression hearing as they do at trial.").

**¶14**        Here, the confidential informant's statements were not introduced at trial, but at a suppression hearing regarding validity of the search warrant. The confidential informant's "statements" were included in an affidavit to establish probable cause for the warrant. The superior court conducted a hearing and determined the affidavit underlying the warrant provided sufficient facts from which the issuing judge could conclude the confidential informant's reliability. *See State v. Watling*, 104 Ariz. 354, 356–58 (1969) (explaining hearsay can form the basis for a warrant if there is a substantial basis for the court to conclude that the information was reliable). Accordingly, the information from the confidential informant discussed at this hearing did not implicate the Confrontation Clause and we find no fundamental error.

## III.    Sufficiency of the Evidence.

**¶15**        Frasard challenges the sufficiency of the evidence supporting his convictions. "Reversible error based on insufficiency of the evidence occurs only where there is a complete absence of probative facts to support the conviction." *State v. Scott*, 113 Ariz. 423, 424–25 (1976).

¶16        Here, the record reflects ample evidence supporting the elements of the charged offenses.  Officers served a search warrant at Frasard's home and truck, and found methamphetamine, fentanyl, marijuana, drug paraphernalia, and two large knives.  A forensic scientist confirmed the identity of the substances through chemical analysis.  Viewing the facts in the light most favorable to sustaining the verdicts, we conclude that sufficient evidence supports Frasard's convictions.  *Fontes*, 195 Ariz. at 230, ¶ 2.

## IV.    Ineffective Assistance of Counsel.

¶17        Frasard asserts his counsel was ineffective.  We will not consider claims of ineffective assistance of counsel on direct appeal.  *State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9 (2002) (finding that ineffective-assistance-of-counsel claims must be brought in a petition for post-conviction relief).

## V.     No Fundamental Error.

¶18        In addition to evaluating the arguments raised in Frasard's supplemental brief, we have conducted an independent review of the record.  Our review revealed no fundamental error.  *See Leon*, 104 Ariz. at 300.  All proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and the record reveals that Frasard was present at all critical stages of the proceedings and represented by counsel.  Ariz. R. Crim. P. 6.1, 19.2.  The jury was comprised of twelve members.  A.R.S. § 21-102(A).  The superior court properly instructed the jury on the presumption of innocence, the burden of proof, and the elements of the charged offenses.  The court received a presentence report.  Ariz. R. Crim. P. 26.4.  The court afforded Frasard an opportunity to speak at sentencing, imposed sentences within the statutory limits, and stated on the record the evidence and factors it considered in imposing the sentences.  *See* A.R.S. §§ 13-701, -703(J), -708(D), -3407(A)(2) -3408(A)(2), -3415(A); Ariz. R. Crim. P. 26.9–26.10.

## VI.    Multiple Charges for Possession of Drug Paraphernalia.

¶19        Frasard was convicted of two Counts of possession of drug paraphernalia for conduct stemming from the same incident.  Possessing multiple paraphernalia items at once constitutes a single violation of A.R.S. § 13-3415(A).  *See State v. Soza*, 249 Ariz. 13, 18, ¶ 23 (App. 2020) (finding one violation when defendant had "baggies and [a] scale").  Even when sentences are concurrent, imposing multiple punishments for a single offense is fundamental error.  *Id.* at 14, ¶ 6.  Accordingly, we vacate Frasard's conviction and sentence for Count 6, possession of drug paraphernalia, and modify the judgment to reflect a single conviction under

A.R.S. § 13-3415(A). *Id*. at 19, ¶ 27; *see State v. Waters*, 1 CA-CR 20-0527, 2021 WL 4317697, at \*3, ¶ 16 (Ariz. App. Sept. 23, 2021) (mem. decision) (vacating a count of possession of drug paraphernalia during *Anders* review when two counts stemmed from the same instance).

## CONCLUSION

**¶20**        We vacate Frasard's conviction and sentence for Count 6 (possession of drug paraphernalia) and modify the judgment to reflect a single conviction for that offense.  We affirm his other convictions and sentences.  Upon the filing of this decision, defense counsel shall inform Frasard of the status of the appeal and of his future options.  Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review.  *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).  This Court, of its own accord, grants Frasard 30 days from the date of this decision to file an *in propria persona* motion for reconsideration.  *But see* Ariz. R. Crim. P. 31.20(c) (allowing 15 days to file a motion for reconsideration).  Frasard has 30 days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review or, if Frasard files a timely motion for reconsideration, he has 15 days after the motion is decided.  *See* Ariz. R. Crim. P. 31.21(b)(2).



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:        JR